# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00636-CV

**Michael F. Heine, Appellant**

**v.**

**Texas Department of Public Safety, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
NO. 180,269-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING**

Appellant Michael F. Heine filed a petition for expunction, along with a motion for conference call, a motion for bench warrant, and a motion for court-appointed counsel. The trial court denied his motions and his petition, concluding that Heine did not satisfy the statutory requirements for expunction of his records and that his petition was barred by the statute of limitations. By five issues, Heine appeals the trial court=s judgment. We hold that the trial court erred in calculating the date of Heine=s prior felony conviction, in applying a four-year statute of limitations to the statutory privilege of expunction, and in failing to consider Heine=s request for a hearing by conference call. We reverse the trial court=s denial of the petition and render judgment that Heine=s arrest be expunged.

**BACKGROUND**

Heine was convicted on July 21, 1981, for aggravated assault and sentenced to a ten-year probated sentence. His probation was revoked on April 12, 1986, and he was sentenced to three years= imprisonment. After release, on June 5, 1988, Heine was arrested for aggravated sexual assault of a child. The complaint was never presented to a grand jury and was dismissed on November 26, 1991. The reason for the dismissal is in dispute; however, the dismissal order states as grounds for dismissal: AOn 11-26-91 the Defendant pled guilty to Burg. of a Bldg. and received 15 years . . . .@[1]

---

[1] The State concedes that the Areason for the dismissal has nothing to do with the Appellant=s entitlement to expunction@ because appellant was never indicted for the offense. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A) (West Supp. 2003).

On November 1, 1999, Heine, who was in prison for another offense, filed his first pro se petition for the expunction of his 1988 arrest,[2] as well as a motion for conference call, which the trial court never considered. Heine also filed a motion for court-appointed counsel and a motion for a bench warrant. Both motions were denied. The trial court held a hearing on Heine=s petition on July 26, 2001, and both the Bell County district attorney (the State) and counsel for the Department of Public Safety (the Department) were present, but no arrangements were made for Heine=s presence at the hearing. At the hearing, the State urged the trial court to deny Heine=s petition for two reasons: (1) Heine could not satisfy the statutory requirements for expunction because he had been convicted of a felony within five years preceding the date of the arrest, and (2) Heine=s petition for expunction is a civil suit, which is subject to the four-year statute of limitations found at section 16.051 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. ' 16.051 (West 1997). The State argued that although Heine was convicted of aggravated assault in 1981 (more than five years preceding his 1988 arrest), the conviction was not final until his probation was revoked in 1986 (fewer than five years preceding the 1988 arrest). The Department essentially adopted the same arguments. The trial court denied Heine=s petition, and in its findings of fact and conclusions of law, stated its reasons for doing so: (1) Heine had been convicted within five years preceding the arrest, and (2) his petition was barred by the statute of limitations. This appeal ensued.

## DISCUSSION

---

[2] Heine supplemented his petition two times before the hearing was held.

Article 55.01 of the code of criminal procedure (as it existed at the time of trial)[3] provides wrongfully arrested persons an opportunity to expunge their arrest records if: (1) an indictment or information has not been presented for an offense arising out of the transaction for which the person was arrested;[4] (2) the person has been released and the charge has not resulted in a final conviction, is no longer pending, and did not result in court ordered community supervision; and (3) the person has not been convicted of a felony in the five years preceding the date of the arrest. Tex. Code Crim. Proc. Ann. art. 55.01 (West Supp. 2003). The petitioner is entitled to expunction only if all of the statutory requirements have been satisfied. *Quertermous v. State*, 52 S.W.3d 862, 864 (Tex. App.CFort Worth 2001, no pet.). Although section 55.01, the expunction statute, is included in the code of criminal procedure, an expunction proceeding is a civil proceeding; thus, the petitioner carries the burden of proving compliance with the

---

[3] Article 55.01 has been amended since the date of Heine=s expunction hearing and the court=s rendition of judgment. *See* Act of May 17, 2001, 77th Leg., R.S., ch. 1021, ' 1, 2001 Tex. Gen. Laws 2236, 2237 (Tex. Code Crim. Proc. Ann. art. 55.01, since amended). Because this amendment did not take effect until September 1, 2001, *see id.*, we will apply the article as it existed before the amendment became effective, but we will cite to the current statute for convenience.

[4] In cases where an information or indictment has been presented, the petitioner must prove that the indictment/information was dismissed or quashed because the presentment was made due to mistake, false information, or other similar reason indicating absence of probable cause. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii) (West Supp. 2003); *Ex parte Guajardo*, 70 S.W.3d 202, 204-05 (Tex. App.CSan Antonio 2001, no pet.). Thus, if Heine had been indicted for the offense, Heine=s burden would have been greater. He would have had to prove that the indictment was dismissed because the presentment had been made due to mistake, false information, or other similar reason indicating absence of probable cause to believe he committed the offense. The amendment to the statute provides an alternative to this requirement: in cases where an information or indictment was not presented, the petitioner must now prove that the limitations period for the offense expired before the filing of the petition for expunction. *See* Act of May 17, 2001, 77th Leg., R.S., ch. 1021, ' 1, 2001 Tex. Gen. Laws 2236, 2237 (Tex. Code Crim. Proc. Ann. art. 55.01, since amended).

statutory requirements. *Ex parte Guajardo*, 70 S.W.3d 202, 205 (Tex. App.CSan Antonio 2001, no pet.); *Kendall v. State*, 997 S.W.2d 630, 631 (Tex. App.CDallas 1998, pet. denied). We review a trial court=s ruling on a petition for expunction under an abuse of discretion standard. *Guajardo*, 70 S.W.3d at 204.

## Date of Conviction

By his first issue Heine asserts that insufficient evidence exists to support the trial court=s conclusion that he had been convicted of a felony within the five-year period preceding his arrest and that the trial court erred in denying his petition on this basis. The finding underlying the trial court=s conclusion provides: AMichael F. Heine was finally convicted of the offense of aggravated assault, a felony, on April 12, 1986, when his probation for aggravated assault was revoked in Cause No. 81-176K, 26th District Court of Williamson County, Texas.@ Here, although designated as a finding of fact, the trial court=s determination that Heine was finally convicted only after his probation was revoked is a conclusion of law, which we review de novo.

The record filed with this Court includes the order revoking Heine=s probation, signed May 2, 1984. The first sentence of that order begins: AOn the 21st day of July, 1981, the defendant, Michael F. Heine, was duly and legally *convicted* of the offense of Aggravated Assault . . . .@ (Emphasis added.) The State argues that despite this language, Heine was not finally convicted for purposes of the expunction statute until his probation was revoked, April 12, 1986. The State relies on *Jordan v. State*, 36 S.W.3d 871 (Tex. Crim. App. 2001), for support.

5

In *Jordan*, the appellant was placed on deferred adjudication community supervision for the offense of delivery of cocaine. *Id.* at 872. His community supervision was subsequently revoked, and immediately after the revocation hearing, the appellant pled guilty to the offense of unauthorized use of a vehicle. *Id.* The trial court relied on appellant=s prior offense of delivery of cocaine to sentence appellant to two years of incarceration for the unauthorized use of a vehicle conviction; under the then-existing version of article 42.12 of the code of criminal procedure, the appellant would have been entitled to probation were it not for the prior offense. *Id.* On appeal, the court of criminal appeals addressed the issues of whether the prior offense must be a final conviction to remove the possibility of probation and whether the prior conviction in *Jordan* was final. *Id.* at 873. The court concluded that the prior offense must be a final conviction for purposes of the statute. *Id.* at 873-75. Furthermore, the court held that deferred adjudication does not constitute a final conviction for the purpose of determining eligibility for probation in a subsequent prosecution. *Id.* at 875-76. Only upon revocation does a deferred adjudication become a conviction.[5] *Id.* at 876.

In reaching its holding, the *Jordan* court distinguished deferred adjudication from regular probation. *Id.* For purposes of determining eligibility for probation in a subsequent prosecution, the court observed: A[S]o long as any appeal of the imposition of probation has been resolved, a probated conviction *does* constitute a final conviction . . . .@ *Id.* at 875 (emphasis added). A probated conviction is considered

---

[5] In *Jordan*, the court held that even though the appellant=s deferred adjudication had been revoked before he was sentenced for the unauthorized use of a vehicle offense, the revocation was not yet a Afinal conviction@ because the appellant still had an opportunity to appeal the revocation. *Jordan v. State*, 36 S.W.3d 871, 877 (Tex. Crim. App. 2001).

final even if probation is never revoked or the revocation of probation is on appeal. *Id.*; *see also Franklin v. State*, 523 S.W.2d 947, 947-48 (Tex. Crim. App. 1975). Thus, it appears that *Jordan* supports the reverse of the proposition for which the State cites it. Following the reasoning in *Jordan* and *Franklin*, we hold that for purposes of the expunction statute, Heine=s conviction was final at the time he was sentenced to regular probation in 1981 (which he did not appeal), not when his probation was subsequently revoked in 1986. Accordingly, based on the record before us, Heine had not been convicted of a felony within the five-year period preceding his arrest, and the trial court erred in concluding otherwise. We sustain Heine=s first issue.

**Limitations**

By his second issue, Heine asserts that the trial court erred in applying the four-year statute of limitations under section 16.051 of the civil practice and remedies code to his petition for expunction. Section 16.051 sets a four-year statute of limitations for every civil action for which there is no express limitations period, except an action for the recovery of real property. Tex. Civ. Prac. & Rem. Code Ann.' 16.051. The State argues that because a petition for expunction is civil in nature, the residual four-year limitations period prescribed in section 16.051 should bar this petition.

Article 55.01 of the code of criminal procedure provides wrongfully arrested persons the opportunity to expunge their arrest records. The right to expunction is a statutory privilege. *In re Wilson*, 932 S.W.2d 263, 265 (Tex. App.CEl Paso 1996, no writ). In a statutorily created cause of action, all the statutory provisions are mandatory and exclusive, and a person is entitled to expunction only when all statutory conditions have been met. *Id*. at 266.

7

Section 55.01(a) sets out the requirements for expunction by right, and section 55.01(b) sets out the conditions for discretionary expunction. Tex. Code Crim. Proc. Ann. art. 55.01; *see also Ex parte Current*, 877 S.W.2d 833, 836 (Tex. App.CWaco 1994, no writ). Heine proceeded under the first provisionCexpunction by right. If a petitioner demonstrates that he has satisfied each of the requirements under this provision, the trial court does not have any discretion to deny the request for an expunction; the court must grant the request. *Perdue v. Texas Dep=t of Pub. Safety*, 32 S.W.3d 333, 335 (Tex. App.CSan Antonio 2000, no pet.); *see also* Tex. Code Crim. Proc. Ann. art. 55.02, ' 2(d) (West Supp. 2003) (AIf the court finds that the petitioner is entitled to expunction of any records and files that are the subject of the petition, it *shall* enter an order directing expunction.@) (emphasis added). The trial court cannot alter the meaning of the statute by adding a limitations element to defeat the right to expunction.

Moreover, applying the statute of limitations to the expunction statute does not comport with the intent of the statute. The expunction statute is remedial in nature and should be given the most comprehensive and liberal construction possible. *State v. Arellano*, 801 S.W.2d 128, 130 (Tex. App.CSan Antonio 1990, no pet.). In enacting the expunction statute, the legislature intended to cure the evils attendant to wrongful arrests. *Id.* at 132. The expunction statute does not create a cause of action against another party who needs to be protected from stale claims. *Cf. Steed v. Steed*, 908 S.W.2d 581, 583 (Tex. App.CFort Worth 1995, writ denied) (holding statute of limitations compels party to bring cause of action within reasonable time so opposing party has fair opportunity to defend it).

Indeed, the San Antonio court of appeals concluded that the legislative intent behind the privilege of expunction supported the retroactive application of the statute because the purpose of the

8

statute was to provide the remedy of expunction to anyone who had *ever* suffered a wrongful arrest, whether the arrest occurred before or after the passage of the statute. *Arellano*, 801 S.W.2d at 132. The court=s opinion also recounted the story of Jack Vaughan, who was invited to testify before the legislature by the bill=s sponsor, Representative Watson. Vaughan testified that his son had been arrested six years earlier. Although the charges were ultimately dropped, the record of the arrest periodically surfaced when his son applied for the military and for law school. *Id.* Vaughan=s story was one of the factors that motivated Representative Watson to introduce the expunction legislation. *Id.* at 131-32. Retroactive application of the expunction statute ensured that individuals such as Vaughan=s son had an opportunity to have their wrongful arrests expunged regardless of when the wrongful arrest occurred. *Id.* at 132.

The intent of the legislature in enacting the expunction statute should not be thwarted by requiring that an individual who was wrongfully arrested either seek expunction within four years or be burdened with an arrest record for the rest of his life. The wrongfulness of the arrest is not affected by the length of time that has elapsed before the filing of a petition for expunction. To limit an individual=s ability to seek expunction to a four-year time period, as the State here urges, would defeat the intent of this remedial legislation. Although the petition for expunction is a civil action that places the burden of persuasion on the petitioner, because it involves no other party who might be harmed by the bringing of a stale claim, we decline to apply the statute of limitations as the State urges. In doing so, we note that no appellate court has so limited the right to expunction. *See*, *e.g.*, *Ex parte Stiles*, 958 S.W.2d 414 (Tex. App.CWaco 1997, pet. denied); *Harris County Dist. Attorney=s Office v. D.W.B.*, 860 S.W.2d 719 (Tex. App.CHouston [1st Dist.] 1993, no writ); *Arellano*, 801 S.W.2d at 129-30. Accordingly, we hold that section 16.051 of

9

the civil practice and remedies code does not act as a bar to the statutory remedy of expunction. Heine=s second issue is sustained.

**Right to a Hearing**

By his fifth issue, Heine claims he was denied due process of law when the trial court failed to consider his motion for conference call[6] and denied his motion for bench warrant and motion for court-appointed counsel. The trial court is required to set a hearing on a petition for expunction. Tex. Code Crim. Proc. Ann. art. 55.02, ' 2(c). *But see Current*, 877 S.W.2d at 839 (holding that hearing on petition for expunction was not necessary when all relevant facts were available to court). Individuals who are incarcerated do not automatically lose their access to the courts as a result of their incarcerated status. *Hudson v. Palmer*, 468 U.S. 517, 523 (1984); *Guajardo*, 70 S.W.3d at 205. Inmates do not, however, have an absolute right to personally appear. *Guajardo*, 70 S.W.3d at 205. In considering whether a personal appearance is warranted, the trial court must balance the government=s interest in protecting the integrity of the correctional system against the prisoner=s right of access to the courts.[7] *Id.* at 206; *Nance v.*

---

[6] Because the trial court held a hearing on Heine=s petition for expunction without providing Heine an opportunity to participate by conference call, the trial court implicitly overruled Heine=s motion for conference call. *See* Tex. R. App. P. 33.1(a)(2)(A).

[7] The trial court should consider several factors in balancing these two interests, including:

$ the cost and convenience of transporting the inmate to court;
$ the security risk and potential danger to the court and the public of allowing the inmate to attend court;
$ whether the inmate=s claims are substantial;

10

*Nance*, 904 S.W.2d 890, 892 (Tex. App.CCorpus Christi 1995, no writ). A key factor in this balancing exercise is whether the inmate is represented by counsel or is proceeding pro se. *Jones v. Jones*, 64 S.W.3d 206, 210 (Tex. App.CEl Paso 2001, no pet.); *Dodd v. Dodd*, 17 S.W.3d 714, 717 (Tex. App.CHouston [1st Dist.] 2000, no pet.). We review a trial court=s decision to grant or deny an inmate=s request for a bench warrant for abuse of discretion. *In re B.R.G.*, 48 S.W.3d 812, 820 (Tex. App.CEl Paso 2001, no pet.); *Dodd*, 17 S.W.3d at 716.

In this case, neither the Department nor the State called any witnesses to testify. Instead, both argued that Heine=s petition for expunction should be denied because it was barred by the statute of limitations and because Heine had been convicted of a felony within the five years preceding his arrest. Because Heine was not provided an opportunity to participate in the hearing, he could not challenge the legal arguments advanced by the Department and the State or assert his compliance with the statutory requirements. The right to be heard includes the opportunity to be heard on questions of law and to have judgment rendered only after trial. *Nichols v. Martin*, 776 S.W.2d 621, 623 (Tex. App.CTyler 1989, no writ). Even if the merits of Heine=s petition could be determined without his physical presence, under these

---

$ whether a determination of the matter can reasonably be delayed until the inmate is released;

$ whether the inmate can and will offer admissible, noncumulative testimony that cannot be offered effectively by deposition, telephone, or otherwise;

$ whether the inmate=s presence is important in judging his demeanor and credibility compared with that of other witnesses;

$ whether the trial is to the court or to a jury; and

$ the inmate=s probability of success on the merits.

*Guajardo*, 70 S.W.3d at 205-06.

11

circumstances the trial court should have considered other effective means for Heine to present his side of the dispute to the court, for example by arranging a conference call. *Guajardo*, 70 S.W.3d at 206; *Byrd v. Attorney Gen.*, 877 S.W.2d 566, 569 (Tex. App.CBeaumont 1994, no writ). Heine=s fifth issue is sustained.[8]

## CONCLUSION

Because Heine had not been convicted of a felony within the five years preceding his arrest and because he satisfied all of the other statutory requirements for expunction, we hold the trial court had no discretion to deny his petition for expunction. Furthermore, we hold that applying the residual statute of limitations found in the civil practice and remedies code to the expunction statute defeats the intent of this remedial legislation, and we decline to so apply it. Accordingly, we reverse the judgment of the trial court and render judgment granting Heine=s petition for expunction.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Reversed and Rendered

_____

[8] Because we are reversing and rendering, we need not reach Heine=s remaining issues. *See* Tex. R. App. P. 47.1.

Filed:   December 12, 2002

Publish