# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00321-CV

**In re Timothy J. Jost**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 1030135, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Timothy J. Jost appeals from the district court's denial of his petition for expunction of records relating to particular charges. Because the Travis County District Attorney concedes that the district court erred by denying the petition without offering Jost the opportunity to participate in the hearing on his petition, either by telephone, affidavit, deposition, or other effective means, we will reverse the judgment and remand this cause to the trial court for further proceedings.

## BACKGROUND

Proceeding *pro se* from the penitentiary, Jost filed four petitions for expunction of records pertaining to four incidents: a 1970 charge of forgery (No. 40,632), a 1994 charge of securities fraud (No. 94-1935), a 1994 charge of unauthorized insurance (No. 94-1396), and 1994 charge of securing the execution of a document by deception (No. 94-1397). Because he was in

prison, Jost sought to participate in person (via a bench warrant) or by telephonic conference. The county attorney, on behalf of the district attorney (henceforth, "district attorney"), filed a plea in intervention and general denial on April 15, 2003 that addressed only the 1970 charge. There was apparently a hearing on April 16, 2003 that did not include Jost in any way. On April 21, 2003, the district attorney filed an amended plea in intervention containing a general denial addressing all four petitions. By letter dated April 23, 2003, Jost informed the trial court that he recognized that, because he served deferred adjudication probation for the 1970 charge, he was not eligible to have it expunged. *See* Tex. Crim. Proc. Code Ann. art. 55.01(a)(2)(B) (West Supp. 2004). He essentially withdrew this petition. On April 30, 2003, the district court denied Jost relief on all the petitions.

## DISCUSSION

Jost appeals, complaining that the district court erred by filing all four petitions in a single cause number, by denying the petitions without providing him an opportunity to participate, by failing to conclude that the 1994 charges were procured through mistake, false information, or a similar absence of probable cause, and by failing to conclude that his petitions with respect to the 1994 charges met the statutory requirements for expunction. He also asserts that the district attorney's amended petition in intervention was in default, is out of time, and fails to state grounds therefor. Jost filed a supplemental brief in which he asserts that this Court should reverse the denial of the petitions regarding the 1994 charges and render an order of expunction because the State failed to file a denial of the petitions concerning the 1994 charges.

2

While maintaining that Jost's petitions were meritless, the district attorney filed a letter brief conceding that the district court erred by failing to permit Jost to participate in the hearing in some way other than by personal appearance. *See Heine v. Texas Dep't Pub. Safety*, 92 S.W.3d 642, 649-50 (Tex. App.—Austin 2002, pet. filed). The district attorney requested that this Court affirm the denial of the petition for expunction of the 1970 charge, but reverse the denial of the petitions regarding the 1994 charges and remand them for further consideration, including consideration of how best to permit Jost to participate other than by personal appearance. *See id*. No other agency filed an appellee's brief.

Jost's request for rendition based on the absence of a general denial is defeated by the district attorney's general denial of all four petitions in its amended plea in intervention. Contrary to Jost's contentions, the district attorney timely and adequately intervened before the denial of Jost's petitions. An intervenor can intervene any time before the judgment. *See* Tex. R. Civ. P. 60; *see also Highlands Ins. Co. v. Lumbermen's Mut. Cas. Co.*, 794 S.W.2d 600, 601-02 (Tex. App.—Austin 1990, no pet.). The party opposed to the intervention has the burden to challenge it by a motion to strike. *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990). We find no motion to strike in the record. The district attorney justified the intervention by explaining that the district attorney's office would be affected by an expunction order because it possesses documents within the scope of the expunction Jost requested. The district attorney's petition was timely, not in default, and stated the basis for the district attorney's interest and intervention.

Jost has not shown that rendition is otherwise appropriate. The 1970 charge is not before us because Jost expressly did not make it part of this appeal. While the district clerk's grouping of all four petitions into one cause number apparently caused the State and the district attorney to respond initially only to the first of the four petitions, Jost has not shown how that grouping constitutes harmful error requiring rendition of expunction. Nor do Jost's petitions regarding the 1994 charges on their face justify rendition; instead, they appear to lack some essential allegations—*e.g.*, that the arrests and indictments were disposed of in a manner that entitles him to expunction, that the charge has not resulted in a final conviction, that there was no court-ordered supervision, and that Jost has not suffered a felony conviction within the five years before the arrest. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)-(C) (West Supp. 2004). These deficiencies, however, were not pointed out by special exception,[1] Jost apparently did not have the opportunity to address these deficiencies at the hearing, and there is no indication in the record that the district court considered how Jost, proceeding *pro se* from prison, might participate effectively in the hearing ; therefore, we find affirmance inappropriate for the denial of the expunction petitions for the 1994 charges.

We conclude that remand is the proper remedy for the deprivation of Jost's right to participate effectively in the hearing. *See Heine*, 92 S.W.3d at 649-50. This opinion does not

---

[1] The first supplemental clerk's record contains a document filed by the Texas Department of Public Safety that includes affirmative defenses and special exceptions. Although the document includes a certificate indicating that it was served on Jost on April 9, 2003, there is no file stamp; the cover page in the clerk's record indicates that this document was filed on December 9, 2003, well after the district court denied Jost's petitions, this appeal was filed, and the district court lost plenary power. It was not before the district court and accordingly is not part of the record we can review.

4

mandate a personal appearance by appellant. He does not have an absolute right to appear personally in court. *See id*. at 649. In considering whether to allow Jost to appear personally, the court must balance the government's interest in protecting the integrity of the correctional system against the prisoner's right of access to the courts.[2] *See id*. The court must also consider allowing Jost to proceed by affidavit, deposition, telephone, or other effective means. *See id*. (citing *Ex parte Guajardo*, 70 S.W.3d 202, 206 (Tex. App.—San Antonio 2001, no pet.)). We sustain Jost's second issue, and overrule the remaining issues to the extent that they request rendition.

---

[2] This court has cited with approval a list of factors that the trial court should consider in responding to an inmate's desire to appear in person, including:

(a) the cost and inconvenience of transporting the prisoner between his place of incarceration and the courtroom;

(b) the security risk and potential danger to the court and public of allowing the prisoner to attend court;

(c) whether the prisoner's claims are substantial;

(d) whether a determination of the matter can reasonably be delayed until the prisoner is released;

(e) whether the prisoner can and will offer admissible, noncumulative testimony which cannot be offered effectively by deposition, telephone, or otherwise;

(f) whether the prisoner's presence is important in judging his demeanor and credibility compared with that of other witnesses;

(g) whether the trial is to the court or to a jury; and

(h) the prisoner's probability of success on the merits.

*Heine v. Texas Dep't Pub. Safety*, 92 S.W.3d 642, 649 n.7 (Tex. App.—Austin 2002, pet. filed) (citing *Ex parte Guajardo*, 70 S.W.3d 202, 205-06 (Tex. App.—San Antonio 2001, no pet.)).

## CONCLUSION

We reverse the order denying Jost's petition for expunction of records pertaining to the three 1994 charges in cause numbers 94-1395, 94-1396, and 94-1397. We remand these petitions for further proceedings consistent with this opinion.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Reversed and Remanded

Filed:   March 11, 2004

6