NUMBER 13-02-618-CV
 
COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS
 
CORPUS CHRISTI - EDINBURG


 

RICHARD CHARLES MENGEL,                                            Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 357th District Court
of Cameron County, Texas.




MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo

Memorandum Opinion by Justice Castillo

         Appellant Richard Charles Mengel appeals pro se from an order denying his
petition to expunge an arrest record. By two issues, Mengel asserts that the trial
court erred in denying his petition to expunge and in failing to file requested findings
of fact and conclusions of law. We affirm.
I. BACKGROUND
         Mengel was arrested on September 7, 1997. He was indicted in cause numbers
97-CR-1438-D (attempted murder and aggravated assault), 97-CR-1439-D (aggravated
assault), 97-CR-1440-D (aggravated assault); 97-CR-1441-D (aggravated assault), and
97-CR-1442-D (aggravated robbery). Mengel admits he pleaded guilty to aggravated
assault in cause number 97-CR-1438-D pursuant to a plea agreement and received a
sentence of eight years in the Institutional Division of the Texas Department of
Criminal Justice. 
         Mengel filed his petition for expunction of records on June 3, 2002. In prison
after his guilty plea and conviction, Mengel participated by telephone in the bench trial
of this matter. He testified that his criminal history record showed an arrest on
September 7, 1997 for attempted murder, but he was convicted of aggravated
assault, not attempted murder. He acknowledged that his conviction arose out of the
same circumstances as the attempted-murder charge. 
         The trial court took judicial notice of its file and denied the petition for
expunction. The trial court stated, "So based upon that plea of guilty and/or finding
of guilt, you're not eligible for expunction. So your motion for expunction is hereby
denied, sir." The trial court signed the order on August 2, 2002. Mengel timely filed
a motion for reconsideration, which we construe as a motion for new trial. See Tex.
R. Civ. P. 329b(a). A docket entry shows that the trial court denied Mengel's motion
on September 3, 2002. No order appears in the record.


 On September 4, 2002,
Mengel filed a request for findings of fact and conclusions of law. See Tex. R. Civ.
P. 296. On September 30, 2002, Mengel filed a notice of past due findings of fact
and conclusions of law. See Tex. R. Civ. P. 297. The trial court did not file findings
of fact and conclusions of law. Mengel filed a notice of appeal on October 31, 2002. 
                                              II. EXPUNCTION
1. The Law
         The purpose of the expunction statute is to allow wrongfully arrested persons
a fresh start. Harris County Dist. Attorney's Office v. J.T.S., 807 S.W.2d 572, 574
(Tex. 1991); see also Heine v. Tex. Dep't of Pub. Safety, 92 S.W.3d 642, 646 (Tex.
App.–Austin 2002, pet. filed). Article 55.01 provides in relevant part:
(a)A person who has been placed under a custodial or
noncustodial arrest for commission of either a felony or misdemeanor is
entitled to have all records and files relating to the arrest expunged if:

* * *
(2)each of the following conditions exist:
 
(A)an indictment or information charging the person with
commission of a felony has not been presented against the person
for an offense arising out of the transaction for which the person
was arrested or, if an indictment or information charging the
person with commission of a felony was presented, the indictment
or information has been dismissed or quashed, and: 
 
* * *
 
(C)the person has not been convicted of a felony in the
five years preceding the date of arrest.


 

A petitioner is entitled to expunction only on proof of satisfaction of each statutory
requirement. See Tex. Dep't of Pub. Safety v. Williams, 76 S.W.3d 647, 650 (Tex.
App.–Corpus Christi 2002, no pet.). 
2. Burden of Proof and Standard of Review
         Although section 55.01 is included in the code of criminal procedure, an
expunction proceeding is civil in nature. Heine, 92 S.W.3d at 646. Thus, the
petitioner bears the burden of proof. Id. Expunction does not lie if the petitioner does
not show compliance with each of the statutory requirements. Perdue v. Tex. Dep't
of Pub. Safety, 35 S.W.3d 333, 335 (Tex. App.–San Antonio 2000, no pet.). We
review a trial court's ruling on a petition for expunction under an abuse-of-discretion
standard. Heine, 92 S.W.3d at 646. A trial court abuses its discretion if it acts
without reference to guiding rules and principles or if its actions were arbitrary and
unreasonable. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985). A trial court deciding a petition for expunction has no equitable power to
extend the meaning of section 55.01. Herron v. State, 821 S.W.2d 329, 330 (Tex.
App.–Dallas 1991, no writ). 3. Analysis



         In his first issue, Mengel contends he is entitled to expunction because his arrest
for attempted murder did not result in a conviction for that offense. However, he
admitted that his conviction for aggravated assault arose out of the same
circumstances as the attempted-murder charge that resulted in his arrest. Accordingly,
we find that Mengel has not met his burden of proving that an indictment charging him
with commission of a felony was not presented against him for an offense arising out
of the transaction for which he was arrested. See Tex. Code Crim. Proc. Ann.
art. 55.01(a)(2)(A) (Vernon Supp. 2004). Further, Mengel did not adduce any
evidence that he had not been convicted of a felony in the five years preceding his
arrest for attempted murder. We also find that Mengel did not carry his burden of
proof on condition (C) of article 55.01(a)(2). See Tex. Code Crim. Proc. Ann.
art. 55.01(a)(2)(C) (Vernon Supp. 2004). We hold that the trial court did not abuse
its discretion in denying Mengel's petition to expunge his attempted-murder arrest
record. See Heine, 92 S.W.3d at 646. We overrule Mengel's first issue.
III. FINDINGS OF FACT AND CONCLUSIONS OF LAW
         By his second issue, Mengel complains that the trial court did not file findings
of fact and conclusions of law. Rule 296 requires requests for findings of fact and
conclusions of law to be filed within twenty days after the final judgment is signed. 
See Tex. R. Civ. P. 296. The filing of a motion for new trial does not extend the period
within which a request for findings of fact and conclusions of law must be filed. See
Tex. R. Civ. P. 306a; see also Commercial Union Ins. Co. v. La Villa I.S.D.,
779 S.W.2d 102, 110 (Tex. App.–Corpus Christi 1989, no writ). 
         The record reflects that the trial court signed the judgment on August 2, 2002. 
Mengel did not file his request for findings of fact and conclusions of law until
September 4, 2002. Thus, his request was untimely. See Commercial Union Ins. Co.,
779 S.W.2d at 110. We hold that the trial court did not err in refusing to file findings
of fact and conclusions of law.


 See id. We overrule Mengel's second issue. 
IV. CONCLUSION
         We affirm the trial court's order denying expunction. 

Memorandum Opinion delivered and filed               ERRLINDA CASTILLO
this 31st day of August, 2004.                           Justice