TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00185-CV






Joseph Lee Enriquez, Appellant


v.


Texas Department of Public Safety, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT

NO. 1-03-0425, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 Joseph Lee Enriquez appeals the denial of his petition for expunction of his May 3,
2002, arrest for assault, family violence. Neither an indictment nor an information charging
appellant with commission of a felony arose out of the incident for which he was arrested, and the
charge was dismissed on June 3, 2002. The district court found that appellant's conviction for a
felony drug offense on July 28, 1997, precluded expunction since that conviction occurred within
five years of the arrest. See Tex. Code Crim. Proc. Ann. § 55.01(a)(2)(C) (West Supp. 2004-05). 
The district court denied appellant's petition for expunction. We will affirm the judgment of the
district court.


DISCUSSION


 The code of criminal procedure provides a right of expunction for persons wrongfully
arrested for a felony or misdemeanor if (1) an indictment or information has not been presented
against the person for an offense arising out of the incident for which the person was arrested; (2)
the person has been released, and the charge has not resulted in a final conviction, is no longer
pending, and did not result in court-ordered community supervision; and (3) "the person has not been
convicted of a felony in the five years preceding the date of arrest." Id. art. 55.01(a)(2). In a single
point of error, appellant argues that the five-year time period required by the third prong of the rule
should be calculated using the date of commission of a prior felony rather than the date of conviction. 
See id. art. 55.01(a)(2)(C). Since more than five years elapsed between appellant's commission of
the drug-related felony and his 2002 arrest, he argues that article 55.01 affords him a right to
expunction of his 2002 arrest. Appellant claims that the doctrine of last antecedent supports this
interpretation. That canon of construction confines a qualifying phrase in a statute to the words and
phrases immediately preceding it to which it may be applied, without impairing the meaning of the
sentence. Spradlin v. Jim Walter Homes, Inc., 34 S.W.3d 578, 580 (Tex. 2000). The State argues
that article 55.01(a)(2) lacks the ambiguity required to justify the application of the doctrine of last
antecedent. Neither party disputes the facts found by the court.

 "Statutory construction is a matter of law, which we review de novo." City of San
Antonio v. City of Boerne, 111 S.W.3d 22, 25 (Tex. 2003). This Court has previously calculated the
five-year time period required by article 55.01 using the date of final conviction. See Heine v. Texas
Dep't of Pub. Safety, 92 S.W.3d 642, 647 (Tex. App.--Austin 2002, pet. denied) (under article
55.01, district court should have considered date of conviction rather than subsequent date of
revocation of probated sentence for that crime). The court in Heine used the date of conviction, not
the date of commission of the felony to calculate the five-year time period required by article
55.01(a)(2)(C). See id.

 Appellant argues that application of the doctrine of last antecedent requires us to read
the third prong of article 55.01(a)(2) to apply to the date of commission of the crime rather than the
date of conviction. The doctrine of last antecedent, however, should only be employed to remedy
ambiguity. Jordan v. State, 36 S.W.3d 871, 874 (Tex. 2001) ("We interpret a statute in accordance
with the plain meaning of its language unless the language is ambiguous or the plain meaning leads
to absurd results."). We find no such ambiguity in this statute, nor does application of the plain
meaning of the statute lead to absurd results. As in Heine, we use the date of conviction to calculate
the five-year period required for expunction. See Heine, 92 S.W.3d at 647. Appellant does not
qualify for expunction because he was convicted of a felony four years and nine months before his
arrest for assault. See Tex. Crim. Proc. Code Ann. art. 55.01(a)(2)(C).


CONCLUSION


 Because appellant was convicted of a felony less than five years before the arrest he
petitioned to expunge, he does not meet the requirement of article 55.01(a)(2)(C) that an applicant
for expunction not be convicted of a felony within five years of the arrest he seeks to have expunged. 
See id. We affirm the judgment of the district court.



 __________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: August 18, 2005