# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===============================

## ON MOTION FOR REHEARING

===============================

## NO. 03-04-00185-CV

**Ex parte J.L.E., Appellant**

**v.**

**Texas Department of Public Safety, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. 1-03-0425, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Our opinion and judgment issued on August 18, 2005, are withdrawn, and the following opinion is substituted.

J.L.E. appeals the denial of his petition for expunction of his May 3, 2002, arrest for assault, family violence. Neither an indictment nor an information charging appellant with commission of a felony arose out of the incident for which he was arrested, and the charge was dismissed on June 3, 2002. The district court found that appellant's conviction for a felony drug offense on July 28, 1997, precluded expunction since that conviction occurred within five years of

the arrest.  *See* Tex. Code Crim. Proc. Ann. § 55.01(a)(2)(C) (West Supp. 2004-05).  The district court denied appellant's petition for expunction.  We will affirm the judgment of the district court.

## DISCUSSION

The code of criminal procedure provides a right of expunction for persons wrongfully arrested for a felony or misdemeanor if (1) an indictment or information has not been presented against the person for an offense arising out of the incident for which the person was arrested; (2) the person has been released, and the charge has not resulted in a final conviction, is no longer pending, and did not result in court-ordered community supervision; and (3) "the person has not been convicted of a felony in the five years preceding the date of arrest."  *Id.* art. 55.01(a)(2).  In a single point of error, appellant argues that the five-year time period required by the third prong of the rule should be calculated using the date of *commission* of a prior felony rather than the date of *conviction*.  *See id.* art. 55.01(a)(2)(C).  Since more than five years elapsed between appellant's commission of the drug-related felony and his 2002 arrest, he argues that article 55.01 affords him a right to expunction of his 2002 arrest.  Appellant claims that the doctrine of last antecedent supports this interpretation.  That canon of construction confines a qualifying phrase in a statute to the words and phrases immediately preceding it to which it may be applied, without impairing the meaning of the sentence.  *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000).  The State argues that article 55.01(a)(2) lacks the ambiguity required to justify the application of the doctrine of last antecedent.  Neither party disputes the facts found by the court.

2

"Statutory construction is a matter of law, which we review de novo." *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). This Court has previously calculated the five-year time period required by article 55.01 using the date of final conviction. *See Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 647 (Tex. App.—Austin 2002, pet. denied) (under article 55.01, district court should have considered date of conviction rather than subsequent date of revocation of probated sentence for that crime). The court in *Heine* used the date of conviction, not the date of commission of the felony to calculate the five-year time period required by article 55.01(a)(2)(C). *See id.*

Appellant argues that application of the doctrine of last antecedent requires us to read the third prong of article 55.01(a)(2) to apply to the date of commission of the crime rather than the date of conviction. The doctrine of last antecedent, however, should only be employed to remedy ambiguity. *Jordan v. State*, 36 S.W.3d 871, 874 (Tex. 2001) ("We interpret a statute in accordance with the plain meaning of its language unless the language is ambiguous or the plain meaning leads to absurd results."). We find no such ambiguity in this statute, nor does application of the plain meaning of the statute lead to absurd results. As in *Heine*, we use the date of conviction to calculate the five-year period required for expunction. *See Heine*, 92 S.W.3d at 647. Appellant does not qualify for expunction because he was convicted of a felony four years and nine months before his arrest for assault. *See* Tex. Crim. Proc. Code Ann. art. 55.01(a)(2)(C).

**CONCLUSION**

Because appellant was convicted of a felony less than five years before the arrest he petitioned to expunge, he does not meet the requirement of article 55.01(a)(2)(C) that an applicant

3

for expunction not be convicted of a felony within five years of the arrest he seeks to have expunged. *See id*. We affirm the judgment of the district court.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   September 29, 2005