TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00622-CV






Sebastian Rangel, Appellant


v.


Travis County Attorney, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT

NO. D-1-EX-08-000131, HONORABLE BOB PERKINS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Sebastian Rangel petitioned the district court for the expunction of records concerning
his alleged commission of the offense of escape. See Tex. Penal Code Ann. § 38.06 (West Supp.
2008). The offense was allegedly committed in 2001 while Rangel was in prison for aggravated
assault. The district court denied the petition, and Rangel appeals from the district court's order. 
In a single point of error, Rangel asserts that the district court abused its discretion when it denied
his petition without first allowing him to present evidence at a hearing. 

 Article 55.01 of the code of criminal procedure governs a petitioner's right to an
expunction, while article 55.02 governs the procedures for expunctions. See Tex. Code Crim. Proc.
Ann. art. 55.01 (West 2006), art. 55.02 (West Supp. 2008). These procedures include a requirement
that the trial court set a hearing on a petition for expunction. Heine v. Texas Dep't of Pub. Safety,
92 S.W.3d 642, 649 (Tex. App.--Austin 2002, pet. denied) (citing Tex. Code Crim. Proc. Ann.
art. 55.02, § 2(c) (providing that "[t]he court shall set a hearing on the matter")). Inmates do not,
however, have an absolute right to personally appear at this hearing. Id. (citing Ex parte Guajardo,
70 S.W.3d 202, 205 (Tex. App.--San Antonio 2001, no pet.)). Nor do such hearings have to be oral. 
See Ex parte Wilson, 224 S.W.3d 860, 863 (Tex. App.--Texarkana 2007, no pet.); Ex parte Current,
877 S.W.2d 833, 839 (Tex. App.--Waco 1994, no writ); see also Gulf Coast Inv. Corp. v. Nasa 1
Bus. Ctr., 754 S.W.2d 152, 153 (Tex. 1988) ("Unless required by the express language or the
context of the particular rule, therefore, the term 'hearing' does not necessarily contemplate either
a personal appearance before the court or an oral presentation to the court."). "A trial court may
rule on an expunction petition without conducting a formal hearing and without the consideration
of live testimony, if it has at its disposal all the information it needs to resolve the issues raised by
the petition." Wilson, 224 S.W.3d at 863 (citing Current, 877 S.W.2d at 839-40). Such information
may be found, for example, in the pleadings, affidavits, or other evidence in the judicially noticeable
record. See id. We review a trial court's decision regarding an inmate's presence at an expunction
hearing for abuse of discretion. See Heine, 92 S.W.3d at 650.

 We first observe that Rangel was provided with notice of the district court's decision
to forego a formal hearing. In a July 10, 2008 letter, the district court advised Rangel that it was
"setting this matter for July 25, 2008 and a decision will be made at that time." The district court
added, "Since you are in the penitentiary, I will be deciding this based on the written record only."
On appeal, Rangel asserts that in deciding the case based on the written record only, the district court
violated his due process rights. However, the record does not reflect that Rangel made this
complaint at any point prior to the hearing. Thus, it appears that Rangel has waived error. See
Tex. R. App. P. 33.1(a)(1)(A); McCarroll v. Texas Dep't of Pub. Safety, 86 S.W.3d 376, 379-80 (Tex. App.--Fort Worth 2002, no pet.) (concluding that petitioner failed to preserve error
on complaint that his absence from hearing violated his procedural due process and equal
protection rights).

 However, even assuming Rangel had preserved error, we could not conclude on this
record that the district court abused its discretion in deciding the matter without allowing Rangel
to appear. The district court had at its disposal all the information it needed to resolve the issue of
whether Rangel was entitled to an expunction. A person is entitled to an expunction only when all
statutory requirements have been satisfied. See Heine, 92 S.W.3d at 646. One such requirement is
that the person not have been convicted of a felony offense in the five years preceding the date of
the arrest. See Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(C). Attached to his petition, Rangel
filed a copy of the State's motion to dismiss the escape charges. The motion specifies that the
charges were dismissed because Rangel had been convicted of the offense of aggravated assault
with a deadly weapon. In a letter sent to both the district court and Rangel, the State advised
the district court that it was opposing the expunction because the escape offense Rangel sought
to expunge was committed on January 26, 2001, and Rangel's pen packets showed that he
was convicted of the offense of aggravated assault with a deadly weapon, a felony offense, on
October 17, 2000. These dates were not controverted. Thus, based on the written record alone, the
district court could have concluded that Rangel was unable to satisfy one of the statutory
requirements for expunction.

 Rangel contends, however, that the above conviction is "void or, in the alternative,
did not take effect until March 2003," because of the alleged issuance of a judgment nunc pro tunc
concerning the deadly-weapon finding. According to Rangel, the convicting court "did not have
plenary power to change a judicial error on the judgment." Rangel raises this argument for the
first time on appeal. Thus, again, error has not been preserved. See Tex. R. App. P. 33.1(a)(1)(A). 
Moreover, an improper judgment nunc pro tunc would not render the original judgment of conviction
void or change the effective date of Rangel's conviction. See, e.g., Nix v. State, 65 S.W.3d 664,
668 (Tex. Crim. App. 2001) (explaining that judgment is void "only in very rare situations"); Jones
v. State, 795 S.W.2d 199, 202 (Tex. Crim. App. 1990) ("The written judgment is not itself
the conviction but evidence, among other things, that a conviction has occurred."). In any event, if
Rangel had wanted to present this argument to the district court, he could have done so without
appearing in person. When the district court advised Rangel that it would be deciding his entitlement
to expunction "based on the written record only," it also informed Rangel that he had 30 days "to file
any additional pleadings." In that time, Rangel filed a response to the State's general denial but did
not file any documentation regarding or make any reference to the alleged judgment nunc pro tunc. 
 We overrule Rangel's sole point of error. The order of the district court is affirmed. 


 ____________________________________

 Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: July 30, 2009