# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00675-CV

**Anthony Fuller, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
NO. 226,310-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Anthony Fuller appeals a district court order denying his petition to expunge records related to his arrests on two counts of possessing child pornography that were indicted but ultimately dismissed. Fuller sought to establish his entitlement to expunction as a matter of right under article 55.01(a)(2) of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2) (West 2006); *see also Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 648 (Tex. App.—Austin 2002, pet. denied) (explaining that if petitioner proves each condition for expunction under article 55.01(a)(2), trial court has mandatory duty to grant that remedy). There is no dispute that Fuller met his burden except with regard to the conditions set forth in paragraph (A) of article 55.01(a)(2):

> (A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the

person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

> (i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or

> (ii) the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

*See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A). It is undisputed that, in district court Cause Nos. 55,192 and 55,193, indictments were presented charging Fuller with possession of child pornography, a felony, and that both indictments were dismissed on November 24, 2004, for the reason that Fuller had been sentenced in another felony proceeding. Fuller has conceded that he cannot satisfy the requirements in subparagraph (ii) of paragraph (A). However, he asserts that he met his burden under subparagraph (i) to prove that the limitations periods for the alleged child pornography possession offenses had expired and that this suffices to satisfy paragraph (A). The State argues that Fuller could satisfy paragraph (A) only by proving the requirements of subparagraph (ii) and that subparagraph (i) applies only in cases when no indictment or information charging a felony offense is presented.

In *T. C.R. v. Bell Co. Dist. Attorney's Office*, No. 03-08-00627-CV, ___ S.W.3d ____, 2009 Tex. App. LEXIS ____ (Tex. App.—Austin Aug. 6, 2009, no pet. h.), we determined that in cases where an indictment or information charging a felony has been presented in connection with the petitioner's arrest and later dismissed or quashed, the petitioner can satisfy paragraph (A) by proving *either* the requirements of subparagraph (i) or (ii). Consequently, Fuller is entitled to

2

expunction if he met his burden of proving that the limitations periods for his child pornography possession offenses expired before his expunction petition was filed. The State disputes whether Fuller met this burden. However, the record demonstrates conclusively that he did.

The State acknowledges that the statute of limitations for possession of child pornography is three years. *See* Tex. Code Crim. Proc. Ann. art. 12.01(6) (West Supp. 2008). The district court found that both indictments charging Fuller with this offense were dismissed on November 24, 2004. These findings have not been challenged by either party. Although Fuller did not present evidence establishing when he allegedly committed the offenses or even when he was indicted for them, the record reflects that the file-stamped date of his live expunction petition is July 25, 2008. This date is more than three years after the date Fuller's indictments for child pornography possession were dismissed. Thus, Fuller necessarily filed this pleading after the three-year limitations period for the offenses had expired. Consequently, Fuller has satisfied the requirements of paragraph (A) as a matter of law.

As there is no dispute that Fuller also satisfied article 55.01(a)(2)'s other conditions,[1] the district court had a mandatory duty to grant his expunction petition, and, consequently, abused its discretion in denying it. *See Heine*, 92 S.W.3d at 648. Accordingly, we reverse the district court's denial of Fuller's expunction petition and remand to the district court for the entry of appropriate orders expunging the files and records related to Cause Nos. 55,192 and 55,193. *See* Tex. Code Crim. Proc. Ann. art. 55.02 (West Supp. 2008).

---

[1] As in *T.C.R.*, we express no opinion regarding whether the circumstances of Fuller's dismissals might implicate other conditions in article 55.01(a)(2), as that question is not before us.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Reversed and Remanded

Filed:  August 6, 2009

4