# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00683-CV

**Texas Department of Public Safety, Appellant**

**v.**

**W. W., Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 40468, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

W.W. was arrested and charged with the offense of criminal trespass, a class B misdemeanor. On April 1, 1999, W.W. pleaded guilty to the charge, and the trial court deferred adjudicating his guilt and placed W.W. on community supervision for a period of six months. The criminal trespass charge against W.W. was later dismissed.

On July 18, 2012, W.W. filed a petition for expunction in the district court. *See* Tex. Code Crim. Proc. art. 55.02 (procedure for expunction). In his petition, W.W. asserted that he was seeking expunction pursuant to article 55.01 of the Texas Code of Criminal Procedure. W.W. also alleged the following:

> [A]n indictment or information was presented, but the same was subsequently dismissed or quashed on March 6, 2000, due to the completion of a pretrial intervention program authorized under the Texas Government Code. Petitioner further states that he has been released, that the charged has not resulted in a final conviction and is no longer pending, and that there was no court-ordered community supervision under Article 42.12 of the Texas Code of Criminal Procedure.

After a hearing on W.W.'s petition, and over the opposition of the Texas Department of Public Safety, the trial court granted the expunction. The Department then filed this appeal, challenging the trial court's order. In two issues, the Department asserts that (1) W.W. was charged with demonstrating to the trial court that "there was no court-ordered community supervision under Article 42.12 for the offense" and (2) W.W. failed to present legally sufficient evidence demonstrating that this statutory requirement was met. We will reverse the trial court's order and render judgment denying the petition for expunction.

**STANDARD OF REVIEW**

We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion when its decision is (1) arbitrary, unreasonable, or without regard to guiding principles; or (2) without supporting evidence. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). With regard to factual matters, we may not substitute our judgment for that of the trial court unless it is clear from the record that the trial court could reach only one decision. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). However, a trial court has no discretion in determining what the law is; therefore, a failure by the trial court to correctly analyze or apply the law will also constitute an abuse of discretion. *Id.*

When reviewing a challenge to the legal sufficiency of the evidence, we review the evidence in the light most favorable to the judgment, crediting favorable evidence if a reasonable fact finder could and disregarding contrary evidence unless a reasonable fact finder could not. *City of Keller*, 168 S.W.3d 802, 807 (Tex. 2005). We will sustain a legal sufficiency complaint if

2

the record reveals: (1) a complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite as a matter of law. *See id*. at 810.

The Department's issues on appeal implicate construction of article 55.01 of the code of criminal procedure. Statutory construction is a question of law that appellate courts review de novo. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). When construing a statute, our primary objective is to ascertain and give effect to the legislature's intent. *First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631 (Tex. 2008). We look first and foremost to the text of the statute, and when possible, apply its words according to their common meaning. *Id*.

**ANALYSIS**

The remedy of expunction allows a person who has been arrested for the commission of an offense to have all information about the arrest removed from the State's records. *See Texas Dep't of Public Safety v. Nail*, 305 S.W.3d 673, 674 (Tex. App.—Austin 2010, no pet.). Article 55.01 of the Texas Code of Criminal Procedure governs a petitioner's right to an expunction, which is purely a matter of statutory privilege. *Id.*; *see* Tex. Code Crim. Proc. art. 55.01. Article 55.01 provides in relevant part:

(a)     A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

. . .

3

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending *and there was no court-ordered community supervision under Article 42.12 for the offense*, unless the offense is a class C misdemeanor, provided that:

(A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense . . .

(i) has not been presented against the person at any time following the arrest . . .

. . . or

(ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program . . . or because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment was void; *or*

(B) prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

*Id*. (emphasis added).[1]

Because it informs our examination of the evidence, we first consider whether

subparagraph (a)(2) of article 55.01 requires a petitioner arrested for a class B misdemeanor, such

---

[1] Article 55.01 of the Texas Code of Criminal Procedure was most recently amended in 2011. *See* Act of May 25, 2011, 82d Leg., R.S., ch. 894, § 1, 2011 Tex. Sess. Law Serv. 2274, 2274-75. This amended version of article 55.01 applies "to an expunction of arrest records and files for any criminal offense that occurred before, on or after the effective date [September 1, 2011] of this Act." *Id*. § 3. This current version of article 55.01 applies to this case, and W.W.'s assertion that an earlier version of article 55.01 applies is incorrect.

as W.W., to demonstrate that "there was no court-ordered community supervision" with regard to the charge for which expunction is sought.

In response to the Department's arguments on appeal, W.W. asserts that under article 55.01, he had to demonstrate only that the misdemeanor charge against him was dismissed and that the statute of limitations for the offense has since expired. In other words, W.W. contends that he had to prove only that the conditions of subparagraph (a)(2)(B) were satisfied. A plain reading of the statute demonstrates that W.W.'s proposed construction is incorrect.

The phrase "provided that" used in subparagraph (a)(2) is conditional language, requiring any person who is otherwise entitled to expunction under subparagraph (a)(2) to additionally prove that the terms of one of two alternative subparagraphs—(a)(2)(A) or (a)(2)(B)—have also been satisfied, depending on whether the limitations period, if any, has expired. Consequently, based on the unambiguous language of the statute, in order to rely on the expiration of the limitations period as a basis for expunction, W.W. had the burden of establishing both that (1) the prosecution for the offense is no longer possible because the statute of limitations period has expired and (2) the general conditions of subparagraph (a)(2) of article 55.01 have been satisfied. *See Heine*, 92 S.W.3d 642 (because expunction is civil proceeding, petitioner has burden of establishing that statutory requirements have been met). We next examine whether W.W. met this burden.

Under subparagraph (a)(2) of article 55.01, expunction of records for a class B misdemeanor arrest may only be obtained when (1) the person seeking expunction has been released, 2) the charge does not result in a final conviction and is no longer pending, and (3) "there was no court-ordered community supervision under Article 42.12 for the offense." *See* Tex. Code Crim.

5

Proc. art. 42.12(a)(2). In this case, there is no dispute that W.W. has been released. Nor is there any dispute that W.W.'s charge for criminal trespass did not result in a final conviction and the charge is no longer pending. Instead, the Department contends that W.W. failed to establish, as a matter of law, that "there was no court-ordered community supervision under Article 42.12," because W.W. received deferred adjudication.

This Court has recognized that trial court orders that impose deferred adjudication are orders that impose "court-ordered community supervision under Article 42.12" within the meaning of article 55.01, at least when the order imposes one or more of the conditions under article 42.12, section 11. *Nail*, 305 S.W.3d at 673. Article 42.12 requires that "[t]he judge of the court having jurisdiction of the case shall determine the conditions of supervision." *See* Tex. Code Crim. Proc. art. 42.12, § 11. These conditions "may include, but shall not be limited to," conditions that the defendant "shall commit no offense against the law of this State or any other State or of the United States," "[p]ay the defendant's fine, if one be assessed, and all other court costs," "[r]eport to the supervision officer as directed by the judge or supervision officer and obey all rules and regulations of the community supervision and corrections department," and numerous others. *See id.*

The trial court's order related to W.W.'s arrest for criminal trespass was presented at the expunction hearing. The order, titled "Deferred Judgment," reflects that W.W. pleaded guilty to criminal trespass. However, according to the order, the trial court did not enter a finding of W.W.'s guilt. Instead, pursuant to a plea agreement with the State, the court placed W.W. "on community supervision under the terms of the Texas Misdemeanor Probation law for a period of 6 months."

6

Among other conditions of his deferred judgment, W.W. was required to commit no offense against the law, report monthly to a probation officer, and pay a fine of $400 and court costs. Thus, according to the terms of the trial court's order deferring guilt, W.W. was placed on "community supervision under Article 42.12." *See id.* art. 55.01(a)(2). At the hearing on W.W.'s petition for expunction, W.W.'s counsel conceded that W.W. had received deferred adjudication for the charged criminal-trespass offense. W.W. presented no testimony or other evidence related to the criminal trespass charge.[2]

We agree with the Department that, on the record before us, W.W. failed to produce legally sufficient evidence that "there was no court ordered community supervision under article 42.12" within the meaning of article 55.01. Because this evidence was necessary for W.W. to prove that he was entitled to have all records and files related to his arrest for criminal trespass expunged, the trial court abused its discretion in granting W.W.'s petition for expunction.

**CONCLUSION**

We reverse the trial court's judgment and render judgment that W.W.'s petition for expunction is denied. Further, pursuant to the Department's prayer for relief, we order that all relevant documents that have been turned over to the district court, or to W.W. or his counsel, be returned to the submitting agencies. *See Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991) (reversal of expunction applies to all respondents in trial court, even if they did not participate in appeal).

---

[2] W.W.'s only testimony was that he has never been convicted of a felony.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Reversed and Rendered

Filed:   December 19, 2013