

NUMBER 13-07-00406-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

THE STATE OF TEXAS,                                           Appellant,

v.

CARLOS JAVIER ECHEVERRY,                                    Appellee.

---

**On appeal from the 24th District Court of Victoria County, Texas.**

---

# O P I N I O N

**Before Chief Justice Valdez and Justices Garza and Benavides
Opinion by Justice Garza**

Appellant, the State of Texas, appeals from the trial court's granting of a petition for expunction of records filed by appellee, Carlos Javier Echeverry. By six issues, the State argues that the trial court erroneously granted Echeverry's petition. We reverse and render judgment denying the expunction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 19, 2007, Echeverry was charged by indictment with two counts of official oppression, a misdemeanor.[1]  *See* TEX. PENAL CODE ANN. § 39.03 (Vernon 2003).  On May 23, 2007, after a jury trial, Echeverry was acquitted of all charges.  The trial court signed its judgment of acquittal on June 11, 2007.  On June 14, 2007, Echeverry filed an unverified amended petition for expunction and a notice of the expunction hearing.[2]  The notice provided that the expunction hearing would be conducted on June 15, 2007 at 1:30 p.m.  The trial court conducted the expunction hearing on June 15, 2007, and it signed an order granting expunction on the same day.  The State timely filed its notice of appeal on June 25, 2007.  *See* TEX. R. APP. P. 26.1.

On July 19, 2007, the State filed its request for findings of fact and conclusions of law.  The trial court denied the State's request on July 27, 2007, asserting that the State had not timely filed its request in accordance with rule 296 of the rules of civil procedure.  *See* TEX. R. CIV. P. 296 (providing that a request for findings of fact and conclusions of law must be filed within twenty days after the judgment is signed).  This appeal ensued.

## II. STANDARD OF REVIEW

A trial court's ruling on an expunction is reviewed under an abuse of discretion standard.  *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.–Austin 2002, pet. denied); *see Tex. Dep't of Pub. Safety v. Morales*, No. 13-07-00552-CV, 2008 Tex.

---

[1] The indictment alleged that Echeverry, an officer of the Victoria Police Department, intentionally subjected Ann Soto to mistreatment and effectuated an unlawful traffic stop for the purpose of making sexual advances.  The indictment also provided that Echeverry, during the traffic stop, subjected Soto to sexual harassment by touching her breast without her consent.  The indictment alleged that the criminal episode transpired on or about August 20, 2006.

[2] Echeverry's original petition was not contained in the record.

2

App. LEXIS 3898, at *5 (Tex. App.–Corpus Christi May 22, 2008, no pet.) (mem. op.). A trial court abuses its discretion when it acts without reference to guiding rules and principles or if its actions are arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

### III. ANALYSIS

By its first two issues, the State argues that Echeverry: (1) failed to establish his right to expunction by a preponderance of the evidence; and (2) failed to refute the exception to the right of expunction contained in article 55.01(c) of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(c) (Vernon 2006). Echeverry contends that the expunction statutes are remedial in nature and are intended to be construed liberally; therefore, because he was acquitted of all charges contained in the indictment, he is entitled to expungement. Echeverry further asserts that the State failed to prove that it is pursuing further criminal charges arising out of the criminal episode.

### a. Applicable Law

To be entitled to an expunction, the petitioner has the burden of proving that all the statutory requirements have been satisfied. *In re Expunction of C.V.*, 214 S.W.3d 43, 44 (Tex. App.–El Paso 2006, no pet.); *see Bargas v. State*, 164 S.W.3d 763, 770 (Tex. App.–Corpus Christi 2005, no pet.); *see also Morales*, 2008 Tex. App. LEXIS 3898, at *5. "The trial court must strictly comply with the statutory procedures for expunction, and it commits reversible error when it fails to comply." *Tex. Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 278 (Tex. App.–Corpus Christi 2007, no pet.). Article 55.01 of the Texas Code of Criminal Procedure sets forth the rules that a trial court must apply in determining

3

a person's right to expunction.  *See* TEX. CODE CRIM. PROC. ANN. art. 55.01.  Specifically,

article 55.01(a) provides, in relevant part, that a person is entitled to expunction of an arrest

record if:

> (1) the person is tried for the offense for which the person was arrested and is:
>
>> (A) acquitted by the trial court, except as provided by Subsection (c) of this section; or
>>
>> . . . .
>
> (2) each of the following conditions exist:
>
>> (A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested for . . . and:
>>
>>> (i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02;
>>>
>>> . . . .
>
> (c) A court may not order the expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted, whether by the trial court or the court of criminal appeals, if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode.[3]

---

[3] Section 3.01 of the penal code provides that a "criminal episode" is:

[T]he commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

> (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
>
> (2) the offenses are the repeated commission of the same or similar offenses.

TEX. PENAL CODE ANN. § 3.01 (Vernon 2003).

*Id.* art. 55.01(a)(1)(A), (a)(2)(A)(i), (c).  If a petitioner demonstrates that he has satisfied each of the requirements under article 55.01 of the code of criminal procedure, the trial court does not have any discretion to deny the request for an expunction; the court must grant the request.  *Heine*, 92 S.W.3d at 648 (citing *Perdue v. Tex. Dep't of Pub. Safety*, 32 S.W.3d 333, 335 (Tex. App.–San Antonio 2000, no pet.)).

Moreover, article 55.02 provides the following:

> Sec. 1.  At the request of the defendant and after notice to the state, the trial court presiding over the case in which the defendant was acquitted, if the trial court is a district court, or a district court in the county in which the trial court is located shall enter an order of expunction for a person entitled to expunction under article 55.01(a)(1)([A]) not later than the 30th day after the date of acquittal. . . .  The defendant shall provide to the district court all of the information required in a petition for expunction under Section 2(b).
>
> . . . .
>
> Sec. 2.
>
> . . . .
>
> (b) The petition must be verified and shall include the following or an explanation for why one or more of the following is not included . . . .

Tex. Code Crim. Proc. Ann. art. 55.02, §§ 1, 2(b) (Vernon Supp. 2007).

**b. Discussion**

At the expunction hearing, Victoria County District Attorney Stephen B. Tyler testified that his office was also investigating Echeverry for:

> tampering with or fabricating physical evidence.  That would be the destruction of the videotape in his car.  The abuse of official capacity.  That would be utilizing his car in a harassing manner or stopping a citizen with the car and harassment for his use of the telephone in pursuing a woman not job

5

related.

Each of these possible charges stemmed from the same criminal episode occurring on or about August 20, 2006.[4] Tyler later noted that the investigation was ongoing, but he did not disclose precisely the current stage of the investigation. He merely stated that his office may pursue further charges based on this criminal episode at any point during the statutory period.[5] *See id.* art. 12.02 (Vernon 2005) ("An indictment of information for any misdemeanor may be presented within two years from the date of the commission of the offense, and not afterward."). Echeverry did not offer any evidence or testimony to rebut the contentions made by Tyler.

The trial court granted Echeverry's petition for expunction on June 15, 2007. At this time, the two-year statute of limitations period for misdemeanors had not fully run.[6] Echeverry has not directed us to, nor are we aware of, any authority requiring the State to

---

[4] The characterization of the events transpiring on or about August 20, 2006, as a criminal episode is undisputed.

[5] Tyler's testimony that Echeverry is still subject to prosecution for, among other things, tampering with physical evidence is noteworthy. *See id.* § 37.09(a)(1) (Vernon Supp. 2007) (providing that "[a] person commits an offense if, knowing that an investigation or official proceeding is pending or in progress, he . . . alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding"). The Texas Penal Code states that tampering with physical evidence is a third degree felony. *Id.* § 37.09(c). Furthermore, the record reflects that neither an indictment nor an information has been presented regarding this offense. Therefore, article 55.01(a)(2)(A)(i) would be applicable, which requires that the relevant statute of limitations expire before a trial court may grant a petition for expunction pursuant to article 55.02. *See* TEX. CODE CRIM. PROC. ANN. § 55.01(a)(2)(A)(I) (Vernon 2006); *id.* art. 55.02 (Vernon Supp. 2007); *see also State v. Beam*, 226 S.W.3d 392, 395 (Tex. 2007) (approving of holdings by the Dallas Court of Appeals requiring "a party seeking expunction to prove that the limitations period for the applicable offense—whether misdemeanor or felony—has expired before filing the petition") (citing *Collin County Crim. Dist. Attorney's Office v. Dobson*, 167 S.W.3d 625, 627 (Tex. App.–Dallas 2005, no pet.); *State v. Bhat*, 127 S.W.3d 435, 436 (Tex. App.–Dallas 2004, no pet.)).

[6] Because the criminal episode occurred on or about August 20, 2006, the limitations period for charging Echeverry with an additional misdemeanor does not end until August 20, 2008. Moreover, the generic statute of limitations period for felonies is three years from the date of the commission of the offense, thus extending the limitations period to August 20, 2009. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(6) (Vernon Supp. 2007).

6

clearly specify which other crimes associated with the criminal episode it intends to charge him with during the limitations period. In fact, Echeverry bore the burden of proving his entitlement to expunction under article 55.01. *See id.* art. 55.01(a)(1)(a); *see also In re Expunction of C.V.*, 214 S.W.3d at 44; *Bargas*, 164 S.W.3d at 770; *Morales*, 2008 Tex. App. LEXIS 3898, at *5. Because he was subject to prosecution for at least one other offense occurring during the criminal episode and because he failed to produce evidence to the contrary, Echeverry was not eligible for expunction. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1)(A), (c).

Echeverry, however, argues that article 55.02, section 1 provides that upon his request for expunction and notice to the State, it was mandatory for the trial court to grant his request because he was acquitted of all charges contained in the original indictment. We disagree.

Article 55.02, section 1 provides that the trial court "shall enter an order of expunction for a person *entitled to expunction under article 55.01(a)(1)([A])* not later than the 30th day after the date of the acquittal." *Id.* art. 55.02, § 1 (emphasis added). Article 55.02, section 1 clearly references article 55.01(a)(1)(A), which, as we have already stated, required Echeverry to prove that he was not subject to further prosecution for at least one other offense arising out of the criminal episode. *Id.*; *see id.* art. 55.01(a)(1)(A), (c). Because Echeverry was still subject to prosecution for at least one other offense arising out of the criminal episode at the time the trial court granted his petition for expunction, Echeverry was not entitled to an expunction of records pursuant to article 55.02 of the code of criminal procedure. *See id.* art. 55.02, § 1.

7

Therefore, based on the foregoing, we conclude that the trial court abused its discretion in granting Echeverry's petition for expunction.  *See Fredricks*, 235 S.W.3d at 278; *Heine*, 92 S.W.3d at 646.  Accordingly, we sustain the State's first and second issues.

## V. CONCLUSION

Because we have sustained the State's first and second issues on appeal, we need not address the State's remaining four issues.  *See* TEX. R. APP. P. 47.1.  We reverse and render judgment denying the expunction.

DORI CONTRERAS GARZA,
Justice

Opinion delivered and filed
this the 21st day of August, 2008.

8