TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00151-CV







S.P.S., Appellant


v.


State of Texas, Appellee







FROM THE DISTRICT COURT OF COKE COUNTY, 51ST JUDICIAL DISTRICT

NO. 08-4267, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant S.P.S. appeals from the trial court's order denying his petition for
expunction of criminal records. We reverse the trial court's order.


BACKGROUND

 On March 12, 1994, S.P.S. was arrested and charged with the felony offenses of
criminal mischief and burglary of a vehicle. See Tex. Penal Code Ann. §§ 28.03 (criminal mischief),
30.04 (burglary of vehicle) (West Supp. 2009). S.P.S. was indicted on both offenses, but the
burglary charge was abandoned by the State on August 1, 1994, pursuant to a plea bargain in which
S.P.S. pleaded guilty to the charge of criminal mischief and received deferred adjudication. S.P.S.
was discharged from the deferred adjudication resulting from the criminal mischief charge on
February 4, 1998. (1) 

 On June 23, 2008,S.P.S. filed a petition for expunction in the trial court, seeking to
expunge the record of his arrest for burglary of a vehicle. After a hearing, the trial court denied the
petition, and this appeal followed. 


STANDARD OF REVIEW

 A trial court's decision whether to grant an expunction is reviewed for abuse of
discretion. See Heine v. Texas Dep't of Pub. Safety, 92 S.W.3d 642, 646 (Tex. App.--Austin 2002,
pet. denied). Because an expunction proceeding is a civil proceeding, the petitioner carries the
burden of proving compliance with the statutory requirements. See id. If a petitioner demonstrates
that he has satisfied each of the statutory requirements, the trial court has no discretion to deny the
request for an expunction. State v. Echeverry, 267 S.W.3d 423, 425-26 (Tex. App.--Corpus Christi
2008, pet. denied).

 In his verified petition, S.P.S. alleged that he complied with each of the statutory
requirements for expunction. The State did not file a general denial or other responsive pleading.
See Tex. R. Civ. P. 92 (general denial is sufficient to put matters pleaded by adverse party at issue).
However, in this context, the State's appearance at the expunction hearing amounts to a general
denial of the allegations in the petition. See Ex parte Guajardo, 70 S.W.3d 202, 205
(Tex. App.--San Antonio 2001, no pet.); Texas Dep't of Pub. Safety v. Mendoza, 952 S.W.2d 560,
562 (Tex. App.--San Antonio 1997, no writ). As a result, the matters pleaded in S.P.S.'s petition
were placed at issue, and he was required to provide some evidence in addition to his verified
pleading in order to carry his burden of proof. See Mendoza, 952 S.W.2d at 562 (holding that
appellant's "verified petition, alone, is not sufficient evidence to prove the allegations contained
therein; instead, [appellant] was required to testify or put on other evidence at the hearing to prove
up the facts contained in the petition"). Here, the only evidence presented was S.P.S.'s own
testimony at the expunction hearing. In the absence of any controverting evidence, S.P.S.'s
testimony can be sufficient to carry his burden of establishing compliance with the statutory
requirements. See id.; see also Texas Dep't of Pub. Safety v. Moran, 949 S.W.2d 523, 526 (Tex.
App.--San Antonio 1997, no writ) (holding that petitioner in expunction proceeding carried burden
of proving that he had not been convicted of felony in five years prior to arrest where "the only
evidence produced was [petitioner's] testimony" to that effect). 


DISCUSSION

 In a single issue on appeal, S.P.S. argues that the trial court abused its discretion in
denying his petition for expunction.

 An individual's right to expunction of arrest records is governed by article 55.01 of
the code of criminal procedure. See Tex. Code Crim. Proc. Ann. art. 55.01 (West Supp. 2009). 
Under article 55.01(a)(2), a person is entitled to have all arrest records expunged if each of the
following conditions exist:


(A) an indictment or information charging the person with commission of a
felony has not been presented against the person for an offense arising out of
the transaction for which the person was arrested or, if an indictment or
information charging the person with commission of a felony was presented,
the indictment or information has been dismissed or quashed, and:


 (i) the limitations period expired before the date on which a petition for
expunction was filed under Article 55.02; or


 (ii) the court finds that the indictment or information was dismissed or
quashed because the person completed a pretrial intervention program
authorized under Section 76.011, Government Code, or because the
presentment had been made because of mistake, false information, or other
similar reason indicating absence of probable cause at the time of the
dismissal to believe the person committed the offense or because it was void;


(B) the person has been released and the charge, if any, has not resulted in a final
conviction and is no longer pending and there was no court ordered
community supervision under Article 42.12 for any offense other than a Class
C misdemeanor; and


(C) the person has not been convicted of a felony in the five years preceding the
date of the arrest.



Id. art. 55.01(a)(2).

 If S.P.S. sufficiently demonstrated that he met the requirements of paragraphs (A),
(B), and (C) of article 55.01(a)(2), he is entitled to expunction as a matter of law. See Echeverry,
267 S.W.3d at 425-26. 


Paragraph (A)

 The first portion of paragraph (A) provides that if an indictment was presented, the
petitioner must establish that it was dismissed or quashed. See Tex. Code Crim. Proc. Ann.
art. 55.01(a)(2)(A). S.P.S. testified at the hearing that an indictment was presented in connection
with his 1994 arrest, but that the burglary count included in that indictment was dismissed pursuant
to his plea bargain on the criminal mischief count. In situations where less than all of the counts of
an indictment are dismissed, a petitioner remains eligible to have the dismissed charges expunged. 
See Ex parte E.E.H., 869 S.W.2d 496, 498 (Tex. App.--Houston [1st Dist.] 1993, writ denied)
(holding that "the statute permits expunction of less than all charges arising from a single arrest");
see also State v. Knight, 813 S.W.2d 210, 211-12 (Tex. App.--Houston [14th Dist.] 1991, no writ)
(affirming expunction of one count of wiretapping that was dismissed in exchange for
nolo contendere plea to separate count of wiretapping), superseded by statute on other grounds,
Act of May 17th, 2001, 77th Leg., R.S., ch. 1021, § 1, 2001 Tex. Gen. Laws 2236, 2237. Thus,
S.P.S.'s uncontroverted testimony satisfies his burden to show that the indictment presented in
connection with the charge of burglary of a vehicle was dismissed. See Tex. Code Crim. Proc. Ann.
art. 55.01(a)(2)(A).

 Having established that the indictment against S.P.S. was presented and dismissed,
we must now consider whether he carried his burden to establish compliance with the requirements
of either subparagraph (i) or subparagraph (ii) of article 55.01(a)(2)(A). See id. Subparagraph
(i) allows a petitioner to seek expunction on the grounds that the statute of limitations period for the
offense had expired at the time the expunction petition was filed, while subparagraph (ii) provides
for expunction in cases where the indictment was dismissed because a pretrial intervention program
was completed, or because the presentment had been made because of mistake, false information,
or other similar reason indicating absence of probable cause. Id.

 There appears to have been some uncertainty at the time S.P.S.'s petition was filed
as to whether a petitioner may qualify for expunction by satisfying subparagraph (i) if an indictment
has been presented and dismissed. See generally T.C.R. v. Bell County Dist. Attorney's Office, __
S.W.3d __, No. 03-08-00627-CV, 2009 Tex. App. LEXIS 6136, at *13-16 (Tex. App.--Austin Aug.
6, 2009, no pet.). However, this Court held in T.C.R. that subparagraphs (i) and (ii) are in fact
alternative means of satisfying paragraph (A), even in cases where an indictment has been
presented. (2) Id. at *26. As a result, if S.P.S. established compliance with either subparagraph (i) or
subparagraph (ii), he properly established compliance with paragraph (A) in its entirety.

 S.P.S. concedes that his indictment was not dismissed because he completed a pretrial
intervention program, or because the presentment had been made because of mistake, false
information, or other similar reason, and therefore he cannot meet the requirements of
subparagraph (ii). He argues, however, that he does meet the requirements of subparagraph
(i) because the limitations period for his offense expired before the date he filed his petition for
expunction. The limitations period for a felony charge of burglary is five years from the date of the
commission of the offense. Tex. Code Crim. Proc. Ann. art. 12.01(4)(B) (West Supp. 2009). S.P.S.
was arrested in 1994 and filed his petition for expunction in 2008, so there is no question that the
limitations period had expired at the time his petition was filed. S.P.S. therefore fulfills the
requirements of article 55.01(a)(2)(A)(i), and by extension, paragraph (A) in its entirety.


Paragraph (B)

 Paragraph (B) of article 55.01(a)(2) dictates that the person seeking expunction must
have been released, and that the charge must not have resulted in a final conviction and must no
longer be pending. Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(B). Based on S.P.S.'s petition and
uncontroverted testimony, he was never confined, and the charge of burglary of a vehicle did not
result in a final conviction and was no longer pending. Paragraph (B) also requires that there must
not have been "court ordered community supervision under Article 42.12 for any offense other than
a Class C misdemeanor." Id. S.P.S. also testified that he did not receive court ordered community
supervision with respect to the burglary charge. As a result, S.P.S. has carried his burden to establish
compliance with the requirements of article 55.01(a)(2)(B).


Paragraph (C)

 Under paragraph (C) of article 55.01(a)(2), S.P.S. must establish that he had not been
convicted of a felony in the five years preceding his arrest. S.P.S. stated in his verified petition and
testified at the expunction hearing that he had not been convicted of a felony in the five years
preceding his 1994 arrest. Because no controverting evidence was presented, S.P.S.'s testimony is
sufficient to meet his burden of proof with respect to this element. See Moran, 949 S.W.2d at 526.

 In light of our determination that S.P.S. met his burden of establishing compliance
with all of the requirements of article 55.01, we hold that the trial court abused its discretion in
denying his petition for expunction. See Echeverry, 267 S.W.3d at 425-26 (holding that trial court
has no discretion to deny petition where statutory requirements have been met).


CONCLUSION

 We reverse the trial court's denial of S.P.S.'s expunction petition and remand to the
trial court for the entry of appropriate orders expunging the files and records related to his arrest for
burglary of a vehicle, trial court cause number 927.



 __________________________________________

 Diane M. Henson, Justice 

Before Chief Justice Jones, Justices Waldrop and Henson

Reversed and Remanded 

Filed: February 26, 2010 
1. These facts come from S.P.S.'s verified petition and his testimony at the expunction
hearing. The State did not present controverting evidence at the expunction hearing, nor did it file
a responsive pleading in the trial court or a brief on appeal. The trial court took judicial notice of
S.P.S.'s arrest records at the expunction hearing, but those records were not admitted into evidence
and do not appear in the appellate record.
2. We noted in T.C.R. that the confusion regarding whether a petitioner is limited to
establishing compliance with subparagraph (ii) in cases where an indictment was presented possibly
stemmed from language included in a footnote of Heine v. Texas Department of Public Safety,
92 S.W.3d 642, 646 n.4 (Tex. App.--Austin 2002, pet. denied). As we pointed out in T.C.R., to the
extent Heine can be read to suggest that a petitioner may only avail himself of subparagraph (i) if
no indictment was presented, that language is dicta. See T.C.R. v. Bell County Dist. Attorney's
Office, __ S.W.3d __, No. 03-08-00627-CV, 2009 Tex. App. LEXIS 636, at *19-20 n.9
(Tex. App.--Austin Aug. 6, 2009, no pet.); Heine, 92 S.W.3d at 646 n.4 ("[I]n cases where an
information or indictment was not presented, the petitioner must now prove that the limitations
period for the offense expired before the filing of the petition for expunction.").