# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-09-00151-CV

S.P.S., Appellant

v.

State of Texas, Appellee

FROM THE DISTRICT COURT OF COKE COUNTY, 51ST JUDICIAL DISTRICT
NO. 08-4267, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant S.P.S. appeals from the trial court's order denying his petition for expunction of criminal records. We reverse the trial court's order.

## BACKGROUND

On March 12, 1994, S.P.S. was arrested and charged with the felony offenses of criminal mischief and burglary of a vehicle. *See* Tex. Penal Code Ann. §§ 28.03 (criminal mischief), 30.04 (burglary of vehicle) (West Supp. 2009). S.P.S. was indicted on both offenses, but the burglary charge was abandoned by the State on August 1, 1994, pursuant to a plea bargain in which S.P.S. pleaded guilty to the charge of criminal mischief and received deferred adjudication. S.P.S.

was discharged from the deferred adjudication resulting from the criminal mischief charge on February 4, 1998.[1]

On June 23, 2008, S.P.S. filed a petition for expunction in the trial court, seeking to expunge the record of his arrest for burglary of a vehicle. After a hearing, the trial court denied the petition, and this appeal followed.

### STANDARD OF REVIEW

A trial court's decision whether to grant an expunction is reviewed for abuse of discretion. *See Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). Because an expunction proceeding is a civil proceeding, the petitioner carries the burden of proving compliance with the statutory requirements. *See id.* If a petitioner demonstrates that he has satisfied each of the statutory requirements, the trial court has no discretion to deny the request for an expunction. *State v. Echeverry*, 267 S.W.3d 423, 425-26 (Tex. App.—Corpus Christi 2008, pet. denied).

In his verified petition, S.P.S. alleged that he complied with each of the statutory requirements for expunction. The State did not file a general denial or other responsive pleading. *See* Tex. R. Civ. P. 92 (general denial is sufficient to put matters pleaded by adverse party at issue). However, in this context, the State's appearance at the expunction hearing amounts to a general

---

[1] These facts come from S.P.S.'s verified petition and his testimony at the expunction hearing. The State did not present controverting evidence at the expunction hearing, nor did it file a responsive pleading in the trial court or a brief on appeal. The trial court took judicial notice of S.P.S.'s arrest records at the expunction hearing, but those records were not admitted into evidence and do not appear in the appellate record.

denial of the allegations in the petition. *See Ex parte Guajardo*, 70 S.W.3d 202, 205 (Tex. App.—San Antonio 2001, no pet.); *Texas Dep't of Pub. Safety v. Mendoza*, 952 S.W.2d 560, 562 (Tex. App.—San Antonio 1997, no writ). As a result, the matters pleaded in S.P.S.'s petition were placed at issue, and he was required to provide some evidence in addition to his verified pleading in order to carry his burden of proof. *See Mendoza*, 952 S.W.2d at 562 (holding that appellant's "verified petition, alone, is not sufficient evidence to prove the allegations contained therein; instead, [appellant] was required to testify or put on other evidence at the hearing to prove up the facts contained in the petition"). Here, the only evidence presented was S.P.S.'s own testimony at the expunction hearing. In the absence of any controverting evidence, S.P.S.'s testimony can be sufficient to carry his burden of establishing compliance with the statutory requirements. *See id.*; *see also Texas Dep't of Pub. Safety v. Moran*, 949 S.W.2d 523, 526 (Tex. App.—San Antonio 1997, no writ) (holding that petitioner in expunction proceeding carried burden of proving that he had not been convicted of felony in five years prior to arrest where "the only evidence produced was [petitioner's] testimony" to that effect).

**DISCUSSION**

In a single issue on appeal, S.P.S. argues that the trial court abused its discretion in denying his petition for expunction.

An individual's right to expunction of arrest records is governed by article 55.01 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 55.01 (West Supp. 2009). Under article 55.01(a)(2), a person is entitled to have all arrest records expunged if each of the following conditions exist:

3

(A)    an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or

(ii) the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, or because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B)    the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor; and

(C)    the person has not been convicted of a felony in the five years preceding the date of the arrest.

*Id.* art. 55.01(a)(2).

If S.P.S. sufficiently demonstrated that he met the requirements of paragraphs (A), (B), and (C) of article 55.01(a)(2), he is entitled to expunction as a matter of law. *See Echeverry*, 267 S.W.3d at 425-26.

*Paragraph (A)*

The first portion of paragraph (A) provides that if an indictment was presented, the petitioner must establish that it was dismissed or quashed. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A). S.P.S. testified at the hearing that an indictment was presented in connection

4

with his 1994 arrest, but that the burglary count included in that indictment was dismissed pursuant to his plea bargain on the criminal mischief count.  In situations where less than all of the counts of an indictment are dismissed, a petitioner remains eligible to have the dismissed charges expunged. *See Ex parte E.E.H.*, 869 S.W.2d 496, 498 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (holding that "the statute permits expunction of less than all charges arising from a single arrest"); *see also State v. Knight*, 813 S.W.2d 210, 211-12 (Tex. App.—Houston [14th Dist.] 1991, no writ) (affirming expunction of one count of wiretapping that was dismissed in exchange for nolo contendere plea to separate count of wiretapping), *superseded by statute on other grounds*, Act of May 17th, 2001, 77th Leg., R.S., ch. 1021, § 1, 2001 Tex. Gen. Laws 2236, 2237.  Thus, S.P.S.'s uncontroverted testimony satisfies his burden to show that the indictment presented in connection with the charge of burglary of a vehicle was dismissed.  *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A).

Having established that the indictment against S.P.S. was presented and dismissed, we must now consider whether he carried his burden to establish compliance with the requirements of *either* subparagraph (i) or subparagraph (ii) of article 55.01(a)(2)(A).  *See id.*  Subparagraph (i) allows a petitioner to seek expunction on the grounds that the statute of limitations period for the offense had expired at the time the expunction petition was filed, while subparagraph (ii) provides for expunction in cases where the indictment was dismissed because a pretrial intervention program was completed, or because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause.  *Id.*

5

There appears to have been some uncertainty at the time S.P.S.'s petition was filed as to whether a petitioner may qualify for expunction by satisfying subparagraph (i) if an indictment has been presented and dismissed. *See generally T.C.R. v. Bell County Dist. Attorney's Office*, __ S.W.3d __, No. 03-08-00627-CV, 2009 Tex. App. LEXIS 6136, at *13-16 (Tex. App.—Austin Aug. 6, 2009, no pet.). However, this Court held in *T.C.R.* that subparagraphs (i) and (ii) are in fact alternative means of satisfying paragraph (A), even in cases where an indictment has been presented.[2] *Id.* at *26. As a result, if S.P.S. established compliance with either subparagraph (i) or subparagraph (ii), he properly established compliance with paragraph (A) in its entirety.

S.P.S. concedes that his indictment was not dismissed because he completed a pretrial intervention program, or because the presentment had been made because of mistake, false information, or other similar reason, and therefore he cannot meet the requirements of subparagraph (ii). He argues, however, that he does meet the requirements of subparagraph (i) because the limitations period for his offense expired before the date he filed his petition for expunction. The limitations period for a felony charge of burglary is five years from the date of the commission of the offense. Tex. Code Crim. Proc. Ann. art. 12.01(4)(B) (West Supp. 2009). S.P.S.

---

[2] We noted in *T.C.R.* that the confusion regarding whether a petitioner is limited to establishing compliance with subparagraph (ii) in cases where an indictment was presented possibly stemmed from language included in a footnote of *Heine v. Texas Department of Public Safety*, 92 S.W.3d 642, 646 n.4 (Tex. App.—Austin 2002, pet. denied). As we pointed out in *T.C.R.*, to the extent *Heine* can be read to suggest that a petitioner may only avail himself of subparagraph (i) if no indictment was presented, that language is dicta. *See T.C.R. v. Bell County Dist. Attorney's Office*, __ S.W.3d __, No. 03-08-00627-CV, 2009 Tex. App. LEXIS 636, at *19-20 n.9 (Tex. App.—Austin Aug. 6, 2009, no pet.); *Heine*, 92 S.W.3d at 646 n.4 ("[I]n cases where an information or indictment was not presented, the petitioner must now prove that the limitations period for the offense expired before the filing of the petition for expunction.").

was arrested in 1994 and filed his petition for expunction in 2008, so there is no question that the limitations period had expired at the time his petition was filed. S.P.S. therefore fulfills the requirements of article 55.01(a)(2)(A)(i), and by extension, paragraph (A) in its entirety.

*Paragraph (B)*

Paragraph (B) of article 55.01(a)(2) dictates that the person seeking expunction must have been released, and that the charge must not have resulted in a final conviction and must no longer be pending. Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(B). Based on S.P.S.'s petition and uncontroverted testimony, he was never confined, and the charge of burglary of a vehicle did not result in a final conviction and was no longer pending. Paragraph (B) also requires that there must not have been "court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor." *Id.* S.P.S. also testified that he did not receive court ordered community supervision with respect to the burglary charge. As a result, S.P.S. has carried his burden to establish compliance with the requirements of article 55.01(a)(2)(B).

*Paragraph (C)*

Under paragraph (C) of article 55.01(a)(2), S.P.S. must establish that he had not been convicted of a felony in the five years preceding his arrest. S.P.S. stated in his verified petition and testified at the expunction hearing that he had not been convicted of a felony in the five years preceding his 1994 arrest. Because no controverting evidence was presented, S.P.S.'s testimony is sufficient to meet his burden of proof with respect to this element. *See Moran*, 949 S.W.2d at 526.

In light of our determination that S.P.S. met his burden of establishing compliance with all of the requirements of article 55.01, we hold that the trial court abused its discretion in

7

denying his petition for expunction. *See Echeverry*, 267 S.W.3d at 425-26 (holding that trial court has no discretion to deny petition where statutory requirements have been met).

## CONCLUSION

We reverse the trial court's denial of S.P.S.'s expunction petition and remand to the trial court for the entry of appropriate orders expunging the files and records related to his arrest for burglary of a vehicle, trial court cause number 927.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Reversed and Remanded

Filed: February 26, 2010