Opinion issued January 27, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00973-CV

———————————

CHESTER WILLIAM INGRAM, Appellant

V.

Texas Board
of Pardons and Parole, Appellee



 



 

On Appeal from the 334th District Court 

Harris County, Texas



Trial Court Case No. 2008-22457

 



 

MEMORANDUM OPINION

          Appellant,
Chester William Ingram, appeals the trial court’s order denying his petition for
expunction of criminal records.  In a
single issue, appellant contends that the trial court abused its discretion in
denying his petition.  We affirm.

BACKGROUND

On April 18, 1991 a Harris County
grand jury indicted appellant for “unlawfully intentionally and knowingly”
abducting a woman without her consent on March 1, 1988 with the intent to
“prevent her liberation by secreting and holding [her] in a place where [she]
was not likely to be found and with intent to inflict bodily injury on [her]. .
. violate and abuse [her] sexually . . . and with intent to terrorize [her].”  The Harris County District Attorney dismissed
the case against appellant after he was convicted in a similar case and sentenced
to forty years confinement in the Institutional Division of the Texas Department of Criminal Justice.  Specifically,
on June 5, 1991, a Harris County jury found appellant guilty of aggravated
kidnapping in connection with an offense that occurred in Polk County on
November 8, 1989.[1]  In a Special Issue, the jury found beyond a
reasonable doubt that appellant did not voluntarily release the victim alive
and in a safe place.  Appellant is currently
incarcerated on that conviction.  

On April 10, 2008, appellant filed
a verified petition in which he sought the expunction of all records and files pertaining
to the April 18, 1991 indictment pursuant to article 55.01(a)(2) of the Texas Code of Criminal Procedure.[2]  Appellant alleged in his petition that
he met all of the statutory requirements for expunction.  The Texas
Department of Criminal Justice, the Board of Pardons and Paroles, the Polk
County District Attorney’s Office, the Harris County District Clerk, the Harris
County Sheriff’s Office, and the Harris County District Attorney’s Office (collectively,
“the State”) all filed either oppositions to appellant’s petition or general
denials. 

The court held a hearing on
appellant’s petition on August 1, 2008. 
At the conclusion of the hearing, the court took the matter under
advisement to permit appellant time to decide whether he wished to object to any
of the exhibits offered by the State.  Appellant
filed a motion in which he opposed the admission of all but two of the State’s
exhibits and submitted two of his own exhibits “for inclusion in the record.”  Appellant’s exhibits—the affidavit of his
sister, Beverly Bullock, and his own unsworn declaration—were attached to his
pleading.[3]  The court overruled appellant’s objections
and admitted all of the State’s exhibits into evidence.

After considering the parties’
written submissions, the statements of the parties during the hearing, the
applicable law and the submitted evidence, the court denied appellant’s
petition.  In separate findings of fact
and conclusions of law, the court found, inter
alia, that the evidence was insufficient to demonstrate that appellant satisfied all of the statutory requirements
for expunction and concluded that
appellant failed to meet his burden of proof.

DISCUSSION

We review a trial court’s ruling on a petition for expunction
for abuse of discretion.  Heine v. Tex.
Dep’t of Pub. Safety, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet.
denied).  The cause of action created by
the expunction statute is civil
rather than criminal in nature, and the
burden of proving compliance with the statutory requirements rests with the
petitioner.  Houston Police Dep’t v. Berkowitz, 95 S.W.3d 457, 460 (Tex.
App.—Houston [1st Dist.] 2003, pet. denied) (citing Tex. Dep’t of Pub. Safety v. Katopodis, 886 S.W.2d 455, 457 (Tex.
App.—Houston [1st Dist.] 1994, no writ)). 
When a party files a general denial, as in the present case, the
petitioner must testify or produce other evidence to prove the facts alleged in
the petition—he cannot simply rest on the allegations in his pleadings.  See Ex parte Jackson, 132 S.W.3d 713,
716 (Tex. App.—Dallas 2004, no pet.).  If
a petitioner demonstrates that he has satisfied each of the statutory
requirements, the trial court has no discretion to deny the request for an
expunction.  State v. Echeverry,
267 S.W.3d 423, 425–26 (Tex. App.—Corpus Christi 2008, pet. denied).

Appellant contends that he is entitled to expunction because
he offered uncontroverted testimony during the hearing that he met each of the
statutory requirements and he filed an unsworn declaration and an affidavit
attesting to the same facts after the hearing. 
Because the appellate record does not include a transcript of the
hearing, we cannot consider any testimony that may have been given at that
hearing for purposes of our review.  See
Quorum Int’l v. Tarrant Appraisal Dist., 114 S.W.3d 568, 572 (Tex.
App.—Fort Worth 2003, pet. denied) (stating that appellate court is bound
to determine case on record as filed and cannot look outside record to
discover relevant facts); see also Carlisle
v. Philip Morris, Inc., 805 S.W.2d 498, 501 (Tex. App.—Austin 1991, writ
denied) (stating that appellate courts may not consider matters outside
appellate record).  We hold that
appellant failed to show that the trial court erred by determining that he did
not prove that he satisfied all of the statutory requirements for
expunction.  We overrule appellant’s sole
issue.

CONCLUSION

          We
affirm the judgment of the trial court.  
 

 

Jim
Sharp

Justice

 

 

Panel consists of Justices Jennings, Alcala, and Sharp.

 











[1]           The
case was transferred to Harris County on April 30, 1991.





[2]           See Tex. Crim. Proc.
Code Ann. art. 55.01(a)(2) (West Supp. 2010).  





[3]           Appellant also filed a separate supplement to
his petition.