**Opinion issued February 24, 2022**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00161-CV

———————————

## IN RE THE EXPUNCTION OF J.D.R.

On Appeal from the 182nd Judicial District Court
Harris County, Texas
Trial Court Case No. 1653268

## O P I N I O N

The State of Texas appeals the trial court's order granting appellee J.D.R.'s ("Appellee") petition for expunction of all records of his 2014 arrest for sexual assault of a child. Because Appellee does not meet the statutory criteria entitling him to expunction of his 2014 arrest for sexual assault of a child, we reverse the trial court's order and render judgment denying Appellee's petition for expunction.

## Background

Appellee was arrested on December 8, 2014 and charged with the offense of sexual assault of a child. The indictment alleges that Appellee "on or about JULY 1, 2005, did then and there unlawfully, intentionally and knowingly cause the penetration of the FEMALE SEXUAL ORGAN of E.M., hereinafter called the Complainant, a person younger than seventeen years of age and not his spouse by placing HIS FINGER in the FEMALE SEXUAL ORGAN of the Complainant." Appellee plead not guilty, and his case proceeded to a jury trial.

K.T., a former senior pastor at a Houston-area church, testified he met Appellee when Appellee was 16 or 17 years old and that he performed Appellee's wedding in 2004. K.T. testified Appellee was a music minister for several years and involved with the church's youth ministry. Appellee lived in a parsonage on the church's property for approximately two years around 2004 and 2005. Appellee was 24 years old in 2005.

The complaining witness, E.M., testified she had been very active in the youth group at Appellee's church and had known Appellee since she was seven or eight years old. According to E.M., Appellee made a series of sexual advances towards her, which she testified occurred when he would drive her home from his house after she babysat for his kids or from soccer practice. She testified the assaults began in 2004, when E.M. was a freshman in high school, and ended in 2006, after she got

her driver's license and her parents gave her permission to drive. The State argued E.M. was between the ages of 14 and 16 years old when the alleged assaults occurred. Among other things, E.M. testified Appellee put his finger in her vagina on one occasion, touched her breasts on multiple occasions, and made her touch his penis with her hand.

P.B., another congregant from Appellee's church, also testified at trial. She testified Appellee touched her inappropriately when she attended a church festival in the fall of 2006. P.B. was 15 years old at the time and had just obtained a hardship driver's license. She testified she wanted to show off to other people at the church that she could drive by herself and announced she was going to leave the festival to go get food. Appellee invited himself along and told her he needed to get his wallet from inside the parsonage, where he was living at the time. P.B. testified she accompanied Appellee to the parsonage, and once inside, Appellee asked P.B. if he could kiss her. P.B. testified she froze and Appellee proceeded to kiss her on the lips. He lifted her shirt, moved her bra over, and kissed her breasts. Appellee then pushed her back and apologized before they left for Taco Bell together.

At trial, Appellee's counsel argued the State failed to prove beyond a reasonable doubt that E.M. was younger than 17 years old when the digital penetration occurred because E.M. had given inconsistent statements regarding the timing of the alleged assault, and she was not credible. Appellee's counsel also

3

suggested P.B.'s testimony was not credible because P.B. admitted on the stand that she did not want to testify, and she was doing so only because the State had subpoenaed her, and she did not want to go to jail.

On November 13, 2019, the jury acquitted Appellee of the offense of sexual assault of a child between 14 and 17 years of age.[1] Following his acquittal, the trial court admonished Appellee of his right to request an expunction of the records and files relating to his arrest. Appellee filed a request for expunction on November 13, 2019. Article 55.02 of the Texas Code of Criminal Procedure sets forth the procedural requirements for the expunction of criminal records. TEX. CODE CRIM. PROC. art. 55.02. Section 2(c) of Article 55.02 specifically provides:

> The court shall set a hearing on the matter no sooner than thirty days from the filing of the petition and shall give to each official or agency or other governmental entity named in the petition reasonable notice of the hearing by: (1) certified mail, return receipt requested; or (2) secure electronic mail, electronic transmission, or facsimile transmission.

*Id.* Despite this requirement, the trial court granted Appellee's request for expunction the same day it was filed.[2]

---

[1] TEX. PENAL CODE §§ 22.01112.33(a), (a)(2)(A), (c), (f).

[2] Our recitation of facts regarding the procedural history of this case is based on the orders and motions included in the appellate record. We note, however, that the timeline of events reflected in the docket sheet filed in this case differs from the timeline of events reflected in the appellate record. The docket sheet reflects that on November 15, 2019, two days after the trial court granted the expunction, the trial court scheduled a hearing on a then non-existent motion for new trial for 9 a.m. on December 16, 2019. The State did not file a motion for new trial until December

4

The State filed a motion for new trial on December 11, 2019, arguing Appellee is not entitled to an expunction because he "remains subject to prosecution" for a charge of indecency with a child by contact stemming from P.B.'s testimony during trial. The State argued the offenses of indecency with a child and sexual assault of a child are similar offenses and thus Appellee does not meet the statutory requirements for expunction under Texas Code of Criminal Procedure Article 55.01. Appellee did not file a response to the State's motion for new trial. The trial court denied the State's motion for new trial on December 12, 2019, and the State appealed.

On September 21, 2020, the State filed its appellate brief. Appellee did not file an appellate brief or otherwise respond to the State's arguments on appeal.

## The Expunction Statute

The statutory requirements for expunction are set forth in Article 55.01 of the Texas Code of Criminal Procedure. Article 55.01 allows a person who has been arrested for commission of either a felony or misdemeanor to have all records and files relating to the arrest expunged if the person is tried for the offense for which he

---

11, 2019. The docket sheet also reflects Appellee appeared before the trial court on December 16, 2019, presumably in connection with the hearing on the State's motion for new trial. Although the docket sheet indicates the trial court denied the motion for new trial on December 16, 2019, the only order denying the motion included in the record is dated December 12, 2019. No reporter's record has been filed for December 16, 2019.

was arrested and acquitted, "except as provided by Subsection (c)." TEX. CODE CRIM. PROC. art. 55.01(a)(1)(A). Subsection (c) of Article 55.01 states:

> A court may not order the expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted . . . if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode.

TEX. CODE CRIM. PROC. art. 55.01(c). Section 3.01 of the Texas Penal Code defines "criminal episode" as the "commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances":

(1)     the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2)     the offenses are the repeated commission of the same or similar offenses.

TEX. PENAL CODE § 3.01.

### Standard of Review and Applicable Law

"Expunction is not a right; it is a statutory privilege." *In re State Bar of Tex.*, 440 S.W.3d 621, 624 (Tex. 2014); *In re Expunction of M.T.*, 495 S.W.3d 617, 620 (Tex. App.—El Paso 2016, no pet.) (holding "right to expunction is neither a constitutional nor a common-law right, but rather a statutory privilege"); *see also In re Expunction of M.T.R.*, 606 S.W.3d 288, 291 (Tex. App.—Houston [1st Dist.] 2020, no pet.). Thus, a petitioner is not entitled to an expunction unless he satisfies

6

the statutory requirements for expunction.  *See In re M.T.*, 495 S.W.3d at 620; *see also In re Expunction of J.B.*, 564 S.W.3d 436, 441 (Tex. App.—El Paso 2016, no pet.) (holding trial court did not abuse its discretion in denying petition for expunction because petitioner "failed to negate that Article 55.01(c) does not apply in this instance").

Although the expunction statute appears within the Code of Criminal Procedure, an expunction proceeding is civil in nature.  *See State v. T.S.N.*, 547 S.W.3d 617, 619 (Tex. 2018); *In re Expunction of M.T.R.*, 606 S.W.3d at 291.  As such, the petitioner bears the burden of proving that all statutory requirements have been met.  *See T.S.N.*, 547 S.W.3d at 620; *In re Expunction of M.T.R.*, 606 S.W.3d at 291.  Courts have no equitable power to extend the right to expunction beyond that allowed by statute.  *Ex parte E.H.*, 602 S.W.3d 486, 489 (Tex. 2020) (stating courts must enforce statutory requirements and "cannot add equitable or practical exceptions . . . that the legislature did not see fit to enact") (quoting *In re Geomet Recycling LLC*, 578 S.W.3d 82, 87 (Tex. 2019)); *Tex. Dep't of Pub. Safety v. Williams*, 76 S.W.3d 647, 650 (Tex. App.—Corpus Christi 2002, no pet.).

We review a trial court's ruling on a petition for expunction for abuse of discretion, but the interpretation and application of a statute is a question of law we review de novo.  *T.S.N.*, 547 S.W.3d at 620.  "The trial court must strictly comply with the statutory procedures for expunction, and it commits reversible error when

7

it fails to comply." *State v. Echeverry*, 267 S.W.3d 423, 427 (Tex. App.—Corpus Christi 2008, pet denied). When as here, an appellee does not file an appellate brief or otherwise contradict the factual statements in appellant's brief, this Court will accept any factual statement made in the appellant's brief as true. *See* TEX. R. APP. 38.1(g) ("In a civil case, the court will accept as true the facts stated [in appellant's brief] unless another party contradicts them.").

### Analysis

On appeal, as in its motion for new trial, the State argues Appellee is not entitled to expunction of his 2014 arrest for sexual assault of a child because his 2014 arrest involving E.M. "arose out of a criminal episode" involving the commission of a similar offense, namely indecency with a child involving P.B.

Appellee was acquitted of the offense of sexual assault of a child involving E.M. But an acquittal alone is not enough to entitle a person to expunction. Rather, to establish the right to an expunction, the petitioner must also establish that Article 55.01(c) is inapplicable. *See In re Expunction of J.B.*, 564 S.W.3d at 440 ("A petitioner's burden includes establishing that subsection (c) does not apply."); *see also T.S.N.*, 547 S.W.3d at 620 (petitioner bears burden of proving that all statutory requirements have been met); *In re Expunction of M.T.R.*, 606 S.W.3d at 291 (same). Appellee must establish that the offense for which he was acquitted did not arise out of a criminal episode, as defined under Section 3.01 of the Texas Penal Code, or if

8

it did, that he was neither convicted of nor "remains subject to prosecution for at least one other offense occurring during the criminal episode." TEX. CODE CRIM. PROC. art. 55.01(c); TEX. PENAL CODE § 3.01; *see also Echeverry*, 267 S.W.3d at 427 (holding that because petitioner was "subject to prosecution for at least one other offense occurring during the criminal episode and because he failed to produce evidence to the contrary," petitioner "was not eligible for expunction").

In this case, P.B. testified at trial that Appellee kissed her on the lips and kissed her breasts when she was 15 years old. According to the State, P.B. also testified to facts demonstrating Appellee was more than 3 years older than P.B. at the time of the offense and was not P.B.'s spouse. The State argues P.B.'s testimony establishes Appellee remains subject to prosecution for the offense of indecency with a child by contact, the "same or similar offense" for which he was acquitted. Because indecency with a child by contact and sexual assault of a child are similar offenses, the State argues they arise from the same criminal episode and thus the trial court erred by granting the expunction.

In *In re Expunction of M.T.R.*, 606 S.W.3d 288 (Tex. App.—Houston [1st Dist.] 2020, no pet.), this Court analyzed the term "criminal episode" in Article 55.01 as defined under Section 3.01(2) of the Texas Penal Code. *Id.* at 292–95. In 2012, M.T.R. pleaded guilty to boating while intoxicated (BWI). *Id.* at 292–95. Three years later, in October 2015, M.T.R. was arrested and charged with driving while

9

intoxicated (DWI).  *Id.*  After the jury acquitted M.T.R. of the 2015 DWI, M.T.R. filed an application to have all records concerning the 2015 DWI expunged.  *Id.*  The trial court granted the expunction and the Texas Department of Public Safety appealed.  *Id.*

This Court reversed and rendered judgment denying the expunction because the 2015 DWI charge for which M.T.R. was acquitted was "the repeated commission of the same or similar offense" as M.T.R.'s 2012 BWI conviction and therefore they were part of the same criminal episode.  *See id.* at 293–94.  In so holding, this Court explained that the plain language of Section 3.01(2) does not require a temporal or factual nexus for offenses to be the same or similar, and we presumed the Legislature's decision to not impose a time frame or other limitation on the definition of a criminal episode was purposeful.  *See id.* at 292–93 (citing *In re J.B.*, 564 S.W.3d at 440).  We held that Section 3.01(2) does not require offenses to be committed within a particular time frame, geographic location, jurisdiction, or in the same or similar fashion.  *See In re Expunction of M.T.R.*, 606 S.W.3d at 292 (citing *Ex parte J.A.B.*, 592 S.W.3d at 169); *see also Ex parte J.A.B.*, 592 S.W.3d at 169 (stating "Section 3.01(2) does not impose a particular time frame within which the same or similar offenses must be repeated" and holding that 2016 "offenses for assault of a public servant constituted 'the repeated commission of the same . . . offense' as the 2010 offense for assault of a public servant."); *Ex parte Rios*, No. 04-

19-00149-CV, 2019 WL 4280082, at \*2–3 (Tex. App.—San Antonio Sept. 11, 2019, no pet.) (mem. op.) (holding "Section 3.01(2) does not impose a particular time frame within which the same or similar offenses must be repeated" and holding after "applying the plain language of section 3.01(2), the 2012 driving while intoxicated offense is the same offense as the 2013 driving while intoxicated offense"); *see also In re Expunction of T.D.N.*, 620 S.W.3d 433, 439, 442 (Tex. App.—El Paso 2020, no pet.) (rejecting argument that offenses cannot arise from "the same criminal episode" because "they involved different victims and occurred several years apart" and holding "2015 acquitted offense of burglary with the commission of a sexual assault, was the 'same or similar' in nature to the 2002 conviction for aggravated sexual assault of a child"); *Ex parte R.A.L.*, No. 04-19-00479-CV, 2020 WL 557542, at \*2 (Tex. App.—San Antonio Feb. 5, 2020, pet. denied) (mem. op.) (holding trial court erred by granting expunction of records relating to 2017 offense for which petitioner was acquitted because "[t]he 2017 offense for driving while intoxicated constitutes 'the repeated commission of the same. . . offense' as the 2013 offense for driving while intoxicated for which R.A.L. was convicted").[3]

---

[3] We acknowledge the Dallas and Fort Worth Courts of Appeal have reached different conclusions with respect to the meaning of "criminal episode." *See Ex parte Ferris*, 613 S.W.3d 276, 284 (Tex. App.—Dallas 2020, pet. granted) (holding 2014 and 2018 DWIs are not part of the same "criminal episode" for purposes of expunction under Article 55.01 because offenses "could not be consolidated or joined for trial or sentencing under Penal Code §§ 3.02–3.03"); *Ex parte K.T.*, 612 S.W.3d 111, 117–18 (Tex. App.—Fort Worth 2020, pet. granted) (holding 2013 and 2017 DWIs

Per the express terms of the statute, offenses may also be the "same or similar" even if they were perpetrated against different victims. Section 3.01 of the Texas Penal Code defines "criminal episode" as the "commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances." TEX. PENAL CODE § 3.01; *see also In re Expunction of T.D.N.*, 620 S.W.3d 433, 439 (Tex. App.—El Paso 2020, no pet.) (stating "the legislature has imposed no requirement in Section 3.01(2) that the two 'repeated' offenses must involve the same victim, be close in temporal or geographic proximity, or were committed in the same or similar fashion").

---

are not part of same "criminal episode" for purposes of expunction under Article 55.01 because petitioner was acquitted of 2017 DWI and acquittal judgment demonstrated "State failed to meet its evidentiary burden to prove that she committed DWI in connection with her 2017 arrest;" holding "the Legislature did not mean to prohibit expunction of the arrest records of an acquitted offense simply because the acquitted person had once before been convicted of a separate, but same or similar type, of offense."). While both *Ex parte Ferris* and *Ex parte K.T.* were issued after this court's opinion in *In re Expunction of M.T.R.*, we consider the panel's reasoning in *In re Expunction of M.T.R.* to be sound and we see no reason to depart from such binding precedent. *See Chase Home Fin., L.L.C. v. Cal W. Reconveyance Corp.*, 309 S.W.3d 619, 630 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("Absent a decision from a higher court or this court sitting en banc that is on point and contrary to the prior panel decision or an intervening and material change in the statutory law, this court is bound by the prior holding of another panel of this court.").

In this case, Appellee was tried for sexual assault of a child alleged to have occurred "on or about" July 1, 2005,[4] an offense that requires a showing the defendant unlawfully, intentionally, or knowingly caused the penetration of the anus or sexual organ of a child younger than seventeen years of age. TEX. PENAL CODE § 22.011(a)(2)(A); *id.* § 22.011(c)(1) (defining child as person younger than seventeen years of age). The State argues P.B.'s testimony that Appellee kissed her in the lips and on the breasts in 2006 establishes Appellee potentially remains subject to prosecution for indecency with a child by contact, an offense that requires a showing the defendant engaged in sexual contact, defined as any touching of the child's anus, breast, or any part of the genitals, with a person younger than seventeen years of age. *Id.* § 21.11(a)(1), (c).

Because indecency with a child by contact and sexual assault of a child prohibit the same type of conduct, we hold the offenses are "the same or similar" and therefore, part of the same criminal episode under Section 55.01(c) of the Texas

---

[4] "The dates alleged in an indictment—that the offense was committed 'on or about' a particular date—merely puts an accused on notice that he needs to prepare for proof that the event alleged happened at any time within the relevant statutory period of limitations and not just for the date alleged." *State v. West*, 632 S.W.3d 908, 913 (Tex. Crim. App. 2021) (citing *Thomas v. State*, 753 S.W.2d 688, 693 (Tex. Crim. App. 1988)); *see also Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997) ("It is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period.").

Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. arts. 55.01–55.06; TEX. PENAL CODE § 3.01(2) (defining "criminal episode" as "offenses [that] are the repeated commission of the same or similar offenses"); *In re Expunction of T.D.N.*, 620 S.W.3d at 442 (concluding two offenses were "same or similar" where offenses prohibit same type of conduct and have "in essence the same gravamen").

Although Appellee has not been prosecuted for the conduct involving P.B., he nevertheless "remains subject to prosecution" for such conduct and the record does not reflect that Appellee produced any evidence to the contrary.[5][6] TEX. CODE CRIM.

---

[5] There is no statute of limitations for the offense of "indecency with a child under Section 21.11, Penal Code." TEX. CODE CRIM. PROC. art. 12.01(E).

[6] The dissent contends that "while there was testimony that [Appellee] committed the offense [against P.B.], the State has presented no evidence that J.D.R. remains subject to prosecution for it—the State has not charged J.D.R. with the offense, nor has the State provided sworn testimony by a prosecutor that it is still investigating J.D.R. for that offense." We first note that Appellee, who did not file a brief in this appeal or respond to the State's motion for new trial in the trial court, does not dispute that he "remains subject to prosecution" for the offense against P.B. We further note that no party before us argued that evidence of a charge or on-going investigation is necessary to establish a person remains "subject to prosecution." That issue is thus not before us. *See Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) ("In the review of a civil case, the appellate court has no discretion to consider an issue not raised in the appellant's brief, even if the ends of justice so require."). Last, the plain meaning of "remains subject to prosecution" does not require a pending indictment or charge or even an ongoing investigation. *See Clinton v. State*, 354 S.W.3d 795, 800 (Tex. Crim. App. 2011) ("We construe a statute according to its plain meaning without considering extratextual factors unless the statutory language is ambiguous or imposing the plain meaning would cause an absurd result."); *see also Subject to*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/subject%20to (last visited Feb. 22, 2022) (defining "subject to" as "affected by or possibly affected by (something)." All the statute requires is for the possibility that Appellee may be prosecuted for the same or similar offense in the future.

PROC. art. 55.01(c).  We thus hold Appellee does not meet the statutory criteria entitling him to expunction of his 2014 arrest for sexual assault of a child.  *See id.*; *In re Expunction of J.B.*, 564 S.W.3d at 441 (holding trial court did not abuse its discretion in denying petition for expunction because acquitted offense and "still-pending retaliation offense—clearly fit within Section 3.01 of the Texas Penal Code's definition of 'criminal episode'"); *In re Expunction of I.V.*, 415 S.W.3d 926, 931 (Tex. App.—El Paso 2013, no pet.) (holding petitioner who "potentially remains subject to prosecution for at least one other offense committed during the criminal episode . . . failed to satisfy his burden to show his entitlement to expunction under Article 55.01"); *Echeverry*, 267 S.W.3d at 427 (holding because petitioner was "subject to prosecution for at least one other offense occurring during the criminal episode and because he failed to produce evidence to the contrary," petitioner "was not eligible for expunction").

## Conclusion

We reverse the order of the trial court granting expunction and render judgment denying Appellee's petition for expunction of the records related to his 2014 arrest.  *See* TEX. R. APP. P. 43.2(c).  All documents that were turned over to the trial court or to Appellee by agencies in compliance with the expunction order must be returned to the submitting agencies.  *See Ex parte J.J.*, No. 02-17-00036-CV, 2018 WL 3385475, at *5 (Tex. App.—Fort Worth July 12, 2018, no pet.) (mem. op.)

15

(citing *Ex parte K.K.*, No. 02-17-00158-CV, 2018 WL 1324696, at *4 (Tex. App.—Fort Worth Mar. 15, 2018, no pet.) (mem. op.); *Ex parte B.M.*, No. 02-14-00336-CV, 2015 WL 3421979, at *2 (Tex. App.—Fort Worth May 28, 2015, no pet.) (mem. op.)).

Justice Rivas-Molloy

Panel consists of Justices Goodman, Rivas-Molloy, and Farris.

Justice Goodman, dissenting.